577 So.2d 390 (1991)
Milton Bruce ANDERSON, II
v.
STATE of Mississippi.
No. 89-KP-117.
Supreme Court of Mississippi.
April 3, 1991.
*391 Milton Bruce Anderson, II, pro se.
Mike C. Moore, Atty. Gen., Patricia W. Sproat, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ.
HAWKINS, Presiding Justice, for the Court:
Anderson pled guilty to four felony indictments in the First Judicial District of the circuit court Hinds County, and on August 7, 1985, was sentenced to serve a number of years. In the same court, he collaterally attacked those pleas pursuant to Miss. Code Ann. § 99-39-1 et seq. (Supp. 1990) on two grounds: (1) he was denied a speedy trial, and (2) his trial counsel was ineffective because he failed to raise the defense of denial of speedy trial prior to entry of Anderson's guilty pleas. Anderson appeals in forma pauperis the circuit court's denial of his requests for post-conviction relief. We affirm.
Mississippi's statutorily created right to a speedy trial was never invoked because Anderson entered his pleas of guilty on the day he was arraigned. Miss. Code Ann. 99-17-1 (Supp. 1990). Also, the trial court analyzed the merits of Anderson's constitutional speedy trial claim using the balancing test set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and concluded that no constitutional violation had occurred.
In affirming the trial court, we note en route an additional reason why Anderson's speedy trial claim fails. In petitioning the court to plead guilty, Anderson swore "that by pleading guilty I am admitting that I did commit the crime charged in the indictment(s) and that I am waiving all of the rights set forth in paragraph number 5 of this Petition." Paragraph number 5 of the Petition to Enter Plea of Guilty expressly informed Anderson of his right, among others, to "a speedy and public trial by jury." Anderson does not attack the voluntariness of his plea, and there is no apparent reason why this Court should not hold that Anderson expressly waived his right to a speedy trial. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and progeny require an "intentional relinquishment or abandonment of a known right or privilege." That test was met in this case.
Moreover, we have recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. Ellzey v. State, 196 So.2d 889, 892 (Miss. 1967). We have generally included in this class "those [rights] secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890." Sanders v. State, 440 So.2d 278, 283 (Miss. 1983); see also Jefferson *392 v. State, 556 So.2d 1016, 1019 (Miss. 1989). We take this opportunity to specifically include in that class of waivable or forfeitable rights the right to a speedy trial, whether of constitutional or statutory origin.
This view is in accord with that of our sister states. See e.g. State v. Anderson, 417 N.W.2d 403, 405 (S.D. 1988); Village of Montpelier v. Greeno, 25 Ohio St.3d 170, 495 N.E.2d 581, 582-83 (1986); Davis v. State, 469 So.2d 1348, 1349 (Ala. Crim. App. 1985); State v. Champagne, 461 So.2d 1059, 1060-61 (La. Ct. App. 1984); Hall v. State, 281 Ark. 282, 663 S.W.2d 926, 927 (1984); Garrett v. State, 534 S.W.2d 325, 328 (Tenn. Crim. App. 1976).
This rule also prevails in the federal arena. See e.g. U.S. v. Green, 882 F.2d 999, 1007 (5th Cir.1989); Lebowitz v. U.S., 877 F.2d 207, 209 (2nd Cir.1989); U.S. v. LoFranco, 818 F.2d 276, 277 (2nd Cir.1987); U.S. v. Andrews, 790 F.2d 803, 809-10 (10th Cir.1986), cert. denied, 481 U.S. 1018, 107 S.Ct. 1898, 95 L.Ed.2d 505 (1987); Tiemens v. U.S., 724 F.2d 928, 929 (11th Cir.1984), cert. denied, 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984); U.S. v. Jackson, 659 F.2d 73, 74 (5th Cir.1981), cert. denied, 455 U.S. 1003, 102 S.Ct. 1637, 71 L.Ed.2d 870 (1982); U.S. v. O'Donnell, 539 F.2d 1233, 1236-37 (9th Cir.1976), cert. denied, 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976); Speed v. U.S., 518 F.2d 75, 77 (8th Cir.1975), cert. denied, 423 U.S. 988, 96 S.Ct. 398, 46 L.Ed.2d 306 (1975).
With regard to Anderson's claim of ineffective assistance of counsel, it too must fail because it is based on the now fallacious premise that counsel was ineffective because he failed to raise a speedy trial claim.
LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.