## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-KP-00080-SCT

*CHRISTOPHER REGINALD FERGUSON a/k/a CHRIS FERGUSON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/17/93 |
| TRIAL JUDGE: | HON. BILL JONES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER R. FERGUSON #82401 |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY | KIMBERLY STARKS; BEN SAUCIER |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/24/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., BANKS AND MILLS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

Christopher Ferguson pled guilty to one count of rape and one count of sexual battery on June 2, 1993, and was sentenced to thirty years in prison with five years suspended. He appeals the trial court's denial of his motion for post-conviction relief, on the ground that his statutory and constitutional rights to speedy trial and effective assistance of counsel were violated. We find that Ferguson waived his right to seek relief from any speedy trial violation in the course of entering his guilty plea. ***Anderson v. State***, 577 So. 2d 390 (Miss. 1991) (specifically including statutory and constitutional rights to speedy trial within the class defects and defenses that are waived through voluntary guilty pleas). Although ***Johnson v. Zerbst,*** 304 U.S. 458 (1938), requires an "intentional relinquishment of a known right," Ferguson admits to having been aware of this right prior to expressly waiving all of his rights at the plea proceeding. Thus, we hold that he has waived this claim

and is not now entitled to any relief.

Ferguson's claims that his counsel was unconstitutionally ineffective in failing to move to dismiss his indictment when more than 270 days had elapsed from his arraignment, and in signing a waiver of Ferguson's speedy trial rights, is also without merit. Both theories of ineffectiveness were also waived in his entrance of his guilty plea. *Anderson v. State*, 577 So. 2d 390 (Miss. 1991).

Finally, Ferguson's claim that these errors on the part of his counsel vitiated the voluntariness of his guilty plea are also without merit, because he admitted that he was aware of his speedy trial rights and was familiar with the relevant case law on the right to a speedy trial at the time that he pled guilty. Thus, he pled guilty in full knowledge of his speedy trial rights, and in full knowledge that well over 270 days had passed since his arraignment. He cannot now claim that he pled guilty involuntarily.

Since we hold that none of Ferguson's claims have merit, the judgment below is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**