# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KP-01272-SCT

*EDDIE HEARD*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/16/94 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER III |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/21/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/11/97 |

**BEFORE PRATHER, P.J., BANKS AND SMITH, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

In this appeal from the denial of a petition for post-conviction relief, we consider the questions of whether a plea of guilty was involuntary, whether an indictment is defective, and whether a petitioner is being twice punished for the same act. Finding no merit to any of these asserted errors, we affirm the trial court's denial of the petition below.

**I.**

Eddie Heard was indicted in two separate indictments for two counts each of sale of a quantity of cocaine and conspiracy to sell cocaine. The counts (one each) in cause number CR93-029 were presented on February 19, 1993 in Monroe County, Mississippi. After a trial on what appears to be the other two counts (one each of sale of cocaine and conspiring to sell), Heard pled guilty on July

29, 1993 to one count each of sale of cocaine and conspiracy to sell cocaine. The Monroe County Circuit Court sentenced Heard to twenty-five years on the sale count and fifteen years on the conspiracy count, to run consecutively.

On May 23, 1994, Heard filed an Application for Post Conviction Relief and to Set Aside Plea. He complained that he had not entered his guilty plea intelligently or voluntarily, since he was in shock from having been on trial the day before. He further argued that he was unaware, at the time, of the minimum sentence allowed for the crimes to which he pled guilty. Although the record reveals an order setting the cause for hearing, there is no evidence that a post-conviction hearing actually occurred. On November 21, 1994, the Monroe County Circuit Court denied the petition without further opinion or comment.

Heard presently appeals to this Court. He reasserts the issue he raised below, i.e., that his plea was not entered voluntarily, knowingly, or intelligently. Additionally, Heard raises a claim that his counsel was unconstitutionally ineffective, that his trial was a fundamental miscarriage of justice, and that his conviction and sentence are invalid because he was denied access to the pretrial jury proceedings. On February 19, 1997, Heard filed an amendment to his brief, in which he added claims that his conviction was unlawful because his indictment was defective where it failed to cite the relevant state statutes and that his convictions for sale of cocaine and conspiracy to sell cocaine violated the constitutional prohibition of double jeopardy. He further claims the fact that his sentences were consecutive constitutes unlawful double jeopardy. We consider each of his allegations in turn.

## II.

*i. voluntariness of guilty plea*

Heard first claims that his guilty plea was not knowingly, intelligently, or voluntarily given because he had not been made aware of the minimum sentence that could be given for the crimes to which he pled guilty. He therefore was unaware of the consequences of his plea.

The record rather readily supports the fact that Heard was not made aware of the minimum sentence for the crimes to which he pled guilty. There is nothing in the transcript of the plea hearing, nor in the written petition to plead guilty that reflects any discussion of the minimum sentence, although the trial court did inform Heard of the maximum possible sentences. This Court has held that a criminal defendant should be informed of the minimum and maximum possible sentences that he may suffer upon pleading guilty. *Vittitoe v. State*, 556 So. 2d 1062 (Miss. 1990).

Nevertheless, we have additionally required an actual showing of prejudice, an attestation or other evidence that the defendant would not have entered his guilty plea had he known of the mandatory sentence range. *Banana v. State*, 635 So. 2d 851, 855 (Miss. 1994). While the record does support Heard's contention that he was unaware of the maximum and minimum possible penalties for his crimes, Heard has not asserted that he would not have pled guilty had he known of the minimum penalty. Moreover, we can find no sensible reason to suspect that he would not have pled guilty had he known of it; the minimum penalty for sale of cocaine is a fine of $1,000 (Miss. Code Ann. § 41-29-139(b)(1)), and there is no minimum penalty for conspiracy to sell cocaine (Miss. Code Ann. § 97-1-1). Obviously, Heard received sentences well above the minimum, and thus cannot be thought to have been surprised that he received a minimum sentence that was harsher than he expected. The

trial court's failure to inform Heard about the minimum possible sentence was therefore not clearly prejudicial to him, and thus constituted harmless error. *Sykes v. State*, 624 So. 2d 500, 502 (Miss. 1993) (failure to inform defendant during entry of guilty plea of minimum fine was harmless error where no fine was actually imposed).

*ii. ineffective assistance of counsel*

Heard also complains that he received ineffective assistance of counsel in that his counsel failed to advise him of the minimum sentence possible, failed to gain access to the pretrial jury proceedings, and failed to participate in the selection of the jury.

We have regularly held that the entry of a valid guilty plea operates to waive all rights to complain about defense counsel's conduct with regard to anything incident to his trial on these charges, including any failure to participate in the jury selection. *E.g., Anderson v. State,* 577 So. 2d 390, 391 (Miss. 1991) ("a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial").

Heard may however complain on appeal about his counsel's failure to properly advise him during the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying two-pronged test of *Strickland v. Washington,* 466 U.S. 668 (1984), to counsel during the plea process). As we have already noted, however, Heard has made no showing that he was prejudiced by his ignorance of the minimum possible sentence. Therefore, he has not satisfied the prejudice prong of the *Strickland* test of ineffective assistance of counsel.

In Heard's amended brief on this appeal, he additionally raises the claim that his counsel was unconstitutionally ineffective for failing to notice a defect in his indictment. This claim of ineffectiveness is procedurally barred inasmuch as it was not raised below. However, as shown below, there was no defect in the indictment.

*iii. lack of access to pretrial jury proceedings and derivative claims*

Heard next complains that his "trial" exhibits a fundamental miscarriage of justice, and his conviction and sentence are otherwise invalid because he was denied access to the jury selection process. These complaints raise defects and rights that are incident to trial, and were therefore waived with the entry of the valid guilty plea. *Anderson,* 577 So. 2d at 391.

*iv. defective indictment*

In Heard's amended petition, he contends that the indictment on these charges was fatally defective in that it failed to cite any state statutes. This argument too is without merit. First, the indictment does state that the charge of sale of cocaine arises under the Uniform Controlled Substance Act. While it does not state which section in particular, the indictment does at least point to the right statute. Heard is correct, however, with regard to the conspiracy charge; the indictment does not mention any conspiracy statute.

That said, if there had been a formal error, this error was waived with the entry of the guilty plea. In *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990), we held that "[a] valid guilty plea . . . admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in

an indictment [or information] against a defendant." We have excepted instances where the indictment fails to charge an offense or fails to charge an essential element of an offense. *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992). In this case, the indictment's failure to cite a statute, where it has otherwise charged conspiracy to sell cocaine, was not a failure to state a crime nor one of its essential elements.[1] *Cf. Rogers v. State*, 198 Miss. 495 22 So. 2d 550(Miss. 1945) (explaining that ordinarily it is not necessary for an indictment which properly sets forth the commission of a crime in language that brings it within the provisions of a statute to refer specifically to the statute except where the statute itself requires convictions under a particular code section).

*v. double jeopardy*

Finally, Heard alleges in his amended petition that his convictions for sale and conspiracy to sell cocaine, as well as the consecutive nature of his sentences, violated the constitutional prohibition against double jeopardy. While this claim was not raised below, this Court has held that a valid double jeopardy claim is an error sufficiently fundamental as will avoid the procedural bar. *Fuselier v. State*, 654 So. 2d 519 (Miss. 1995). Nevertheless, this claim is without merit. We have squarely held that conspiracy to sell a controlled substance is a separate and distinct offense from a sale thereof. *Ellis v. State*, 326 So. 2d 466 (Miss. 1976). Thus, Heard's claim that he was twice punished for the same act is without merit.

## CONCLUSION

In conclusion, we find that none of the issues raised in this appeal have merit. Accordingly, the judgment below denying Heard's petition for post-conviction relief is affirmed.

**DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. The indictment did specifically charge Heard with having "agree[d], plan[ned], and conspire[d] to sell, transfer and distribute a quantity of Cocaine, a Schedule II controlled substance, in violation of the uniform Controlled Substance Laws of the State of Mississippi."