# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CP-01322-SCT

*CARL LEE JONES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/17/1996 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | ED J. PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/09/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 09/30/99 |

## BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.

## SMITH, JUSTICE, FOR THE COURT:

¶1. This case comes to this Court on appeal of Carl Lee Jones from the denial of his motion for post-conviction relief in the Hinds County Circuit Court. Jones raises issues of speedy trial, challenges his guilty plea to alleged mental distress and also questions his being sentenced as an habitual offender. We find no merit to these issues and affirm the trial court.

### FACTS

¶2. Carl Lee Jones was indicted in the Circuit Court of Hinds County, Mississippi for the crime of burglary of an inhabited dwelling. Jones pled guilty and was sentenced under Miss. Code Ann. § 99-19-81 (1994) for having been previously convicted of grand larceny and burglary.

¶3. On August 1, 1994, Jones signed his Petition to Enter Plea of Guilty. By signing the petition, Jones agreed that he was represented by counsel and acknowledged that he was accused of committing burglary of an inhabited dwelling. Jones acknowledged that he was aware of his constitutional rights and understood that pleading guilty to the offense charged he would waive all such rights. Jones stated that he was not under the influence of drugs and not suffering from any mental disease; that his attorney had informed him of the maximum punishment that could be imposed upon conviction of the offense charged. Further, Jones

admitted to having been previously convicted of grand larceny and business burglary in 1986. Jones was then sentenced to 12 years without parole as an habitual offender.

¶4. Jones later filed Motions for Discovery and Petition for Production of Records prior to his filing of a motion for post conviction relief. All requests were denied.

¶5. On May 10, 1996, and July 15, 1996, Jones filed his Motion to Vacate Judgment and Sentence in the Circuit Court. Jones stated that he did not know he would be an habitual offender, and that if he knew he was being indicted under the habitual offender statute, he would not have pled guilty in court. Further, Jones alleged that his attorney was ineffective because he failed to advise him of the habitual offender statute under which he was indicted. Additionally, Jones asserted that he was not an habitual offender and blamed his attorney for allowing the prosecutor to indict him under Miss. Code Ann. § 99-19-81 knowing that he was not an habitual offender. Jones, through his plea agreement was sentenced as an habitual offender and sentenced accordingly. Jones's subsequent motion for post-conviction relief was denied by the trial court. Aggrieved Jones raises the following issues on appeal:

> **I. WHETHER THE CIRCUIT COURT ERRED IN DENYING AN EVIDENTIARY HEARING ON THE APPELLANT'S MOTION IN POST CONVICTION RELIEF ON THE ALLEGED GROUNDS:**
>
> **(A) THAT JONES WAS NOT INFORMED THAT HE WAS SUBJECT TO BEING SENTENCED AS AN HABITUAL OFFENDER;**
>
> **(B) THAT JONES WAS NOT LEGALLY ELIGIBLE TO BE SENTENCED AS AN HABITUAL OFFENDER;**
>
> **(C) THAT JONES'S ATTORNEY FAILED TO EXPLAIN TO JONES HIS ELIGIBILITY FOR SENTENCING AS AN HABITUAL OFFENDER;**
>
> **(D) THAT JONES'S STATUTORY RIGHT TO SPEEDY TRIAL WAS VIOLATED;**
>
> **(E) THAT JONES WAS UNDER THE INFLUENCE OF DRUGS AT THE TIME OF HIS PLEA OF GUILTY.**

## LEGAL ANALYSIS

¶6. Jones argues that his constitutional rights attached when he was detained on June 30, 1993, and went to trial 311 days later. Jones contends that the 270 day rule was violated. Jones asserts that the constitutional right to a speedy trial attaches at the time a formal indictment is given. Jones contends that this Court should grant him his constitutional right to dismiss his conviction and sentence of 12 years.

¶7. This Court has found that a guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin. *Rowe v. State*, No. 98-CP-00060-SCT, 1999 WL 216847,*1 (Miss., Apr. 15, 1999); *Anderson v. State*, 577 So.2d 390, 391-92 (Miss. 1991).

¶8. In *Anderson* the Court stated:

. . . [W]e have recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. *Ellzey v. State*, 196 So.2d 889, 892 (Miss. 1967). We have generally included in this class "those [rights] secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890." *Sanders v. State*, 440 So.2d 278, 283 (Miss. 1983); *see also* *Jefferson v. State*, 556 So.2d 1016, 1019 (Miss. 1989). We take this opportunity to specifically include in that class of waivable or forfeitable rights the right to a speedy trial, whether of constitutional or statutory origin.

*Anderson*, 577 So.2d at 391-92. Jones pled guilty to the offense and thereby waived his right to a speedy trial.

¶9. Jones argues that he was taking medicine for being diagnosed as a paranoid schizophrenic at the time of his guilty plea. Jones contends that his attorney and the prosecutor had full knowledge that he was taking medication for paranoid schizophrenia. For this reason, Jones argues that this Court should not accept his guilty plea.

¶10. Jones offers nothing to support his claim that he was on medication at the time of his guilty plea. In his "Petition to Enter Plea of Guilty" Jones asserted that he was not under the influence of any drugs, alcohol, nor suffering from any mental disease. Additionally, on the morning of trial, Jones pled guilty and both he and his attorney responded to questioning to the effect that Jones was not under the influence of drugs or alcohol. Therefore, without any support for his alleged mental diagnosis, Jones's plea of guilty should stand. This issue is meritless.

¶11. Jones next argues that he was not informed that he was subject to being sentenced as an habitual offender, nor was he legally eligible to be sentenced as an habitual offender. The grand jury indictment addresses the fact that Jones had been twice convicted of felonies separately. At the plea hearing the prosecutor states in open court that Jones was entering an open plea as an habitual offender prior to Jones offering the plea. Jones acknowledged in open court that he signed the petition and that his lawyer had gone over the petition with him.

¶12. Jones was convicted of the crime of grand larceny in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on the 1st day of May, 1986, in Cause number A-396. Additionally, Jones was convicted of the crime of business burglary in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on the 1st day of May, 1986, in Cause number A-398. Jones was sentenced to separate terms of one year or more.

¶13. Further, the order accepting the guilty plea states that Jones was sentenced as a habitual offender. Jones admitted the fact that there were two previous felonies. The record reflects that Jones was convicted of two previous felonies arising out of two separate incidents, and sentenced to a term of one or more years. Therefore, Jones qualified for sentencing under Miss. Code Ann. § 99-19-81.

¶14. Lastly, Jones argues that his attorney failed to explain his eligibility for sentencing as an habitual offender. In his guilty plea, Jones acknowledged that his lawyer informed him of the maximum and minimum punishment for the offense charged. Further, Jones acknowledged that if sentenced as an habitual offender, he would not be eligible for parole. Jones signed the plea acknowledging that his attorney was satisfactory

and had done all to assist him. The record shows that Jones was aware of his eligibility for sentencing as an habitual offender. This issue is without merit.

## CONCLUSION

¶15. In the case sub judice, Jones waived his right to a speedy trial voluntarily by pleading guilty. Jones was eligible to be sentenced as an habitual offender. By signing the guilty plea, Jones acknowledged his eligibility for habitual offender sentencing and further acknowledged that his attorney advised him of his status. Jones failed to support his assertion that he was taking medication at the time of his guilty plea. For these reasons, the lower court's denial of Jones's motion for post-conviction relief is affirmed.

¶16. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.**