## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00491-SCT

*THOMAS CLINTON BLACKWELL a/k/a "TOMMY"*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/97 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/12/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/31/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

In this case, the appellant challenges the denial of his petition for post-conviction relief, arguing that the indictments were defective because the habitual offender allegations were not included before the phrase "against the peace and dignity of the state of Mississippi." Pursuant to our decision in ***Earl v. State***, 672 So. 2d 1240 (Miss. 1996), we conclude that this argument lacks merit and affirm the lower court's judgment.

## I.

Thomas Blackwell was charged via three separate indictments with attempting to obtain a substance by misrepresentation as a subsequent and habitual offender; burglary and possession of a controlled substance as a habitual offender; and uttering forgery as a habitual offender. Blackwell pled guilty and

was sentenced to fifteen years for uttering forgery and to two six-year terms for the possession counts, to be served concurrently without the possibility of probation or parole.

Following his conviction, Blackwell filed a petition for post-conviction relief, asserting that the indictments were defective, that his attorney was ineffective, and that he was denied the right to a fair and impartial trial. The circuit court denied the petition, finding that the indictments were not defective but were identical to the indictment this Court upheld as proper in *Earl v. State*, that Blackwell failed to object to the indictment, that he received effective assistance of counsel, and that he received a fair and impartial trial.

Aggrieved, Blackwell appealed to this Court.

## II.

Blackwell agrees that his convictions and sentences as a habitual offender are void because the habitual offender allegations were provided after the phrase, "against the peace and dignity of the state of Mississippi." The indictments provided in pertinent part:

> . . . when the said Thomas Clinton Blackwell . . . forged and counterfeit . . . and the defendant *is also charged as a habitual offender as is set forth in the attachment to this indictment, made a part hereof by reference herein* . . . and against the peace and dignity of the State of Mississippi.

(Emphasis added).

There were attachments to the indictments on which prior convictions supporting the habitual offender allegations were enumerated.

In *Earl v. State*, this Court held that it was proper for an indictment to incorporate and charge, by reference, the habitual offender allegation (which was set out completely on an attachment) on the main page of the indictment before the concluding phrase. *Earl,* 672 So. 2d at 1244. The instant cause presents the exact situation in *Earl v. State*, and Blackwell's argument fails for the reasons given in that case.

Had the indictments been defective, Blackwell's failure to object would have waived this error, as would have his valid guilty plea. *See Brandau v. State*, 662 So. 2d 1051, 1055 (Miss. 1995) (holding formal defect in the indictment subject to waiver for failure to object); *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991) (holding that a voluntary, knowing, intelligent guilty plea forfeits all nonjurisdictional defects and rights incident to trial).

Regarding Blackwell's ineffective assistance claim, it is axiomatic that counsel cannot be ineffective for failing to object to a nonexistent defect or claim. *See Anderson*, 577 So. 2d at 392 (rejecting an ineffective assistance claim based on a fallacious premise). Moreover, there is nothing in the record which suggests that Blackwell was deprived of a fair and impartial proceeding. This assignment of error lacks merit.

## III.

For the above reasons, this Court finds that the lower court properly denied Blackwell's petition for post-conviction relief. We therefore affirm.

**DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**