# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CP-00060-SCT

*MYRON VINCENT ROWE*

*v.*

*STATE OF MISSISSIPPI*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/97 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | MOTION FOR REHEARING DENIED - 04/15/1999 |
| MOTION FOR REHEARING FILED: | 01/25/1999 |
| MANDATE ISSUED: | 4/22/99 |

### EN BANC.

### WALLER, JUSTICE, FOR THE COURT:

¶1. The Harrison County Grand Jury indicted Myron Vincent Rowe on October 13, 1994, for the murder of Robert, a transient. Rowe moved for dismissal of the murder charge against him on April 12, 1995, based on his Sixth Amendment right to a speedy trial. Rowe argued the State had failed to prosecute him within 270 days as required by law. Judge Whitfield denied Rowe's motion on June 15, 1995. That same day, Rowe pleaded guilty to manslaughter and was sentenced to eighteen years in the custody of the Mississippi Department of Corrections.

¶2. Rowe petitioned for post-conviction relief on December 9, 1996. Rowe argued his Sixth Amendment right to a speedy trial had been violated because the State failed to bring him to trial within 270 days as required by law. Rowe's petition for post-conviction relief was denied December 19, 1997. Rowe timely appealed.

¶3. This Court has found that a guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin. *Anderson v. State*, 577 So. 2d 390, 391-92 (Miss. 1991).

¶4. In *Anderson* the Court stated:

> [W]e have recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. *Ellzey v. State*, 196 So. 2d 889, 892 (Miss. 1967). We have

generally included in this class "those [rights] secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890." *Sanders v. State*, 440 So. 2d 278, 283 (Miss. 1983); see also *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989). *We take this opportunity to specifically include in that class of waivable or forfeitable rights the right to a speedy trial, whether of constitutional or statutory origin.*

*Anderson*, 577 So. 2d at 391-92. (emphasis added).

¶5. In the case *sub judice*, Rowe's guilty plea was given voluntarily. As stated in the *Anderson* decision, the right to a speedy trial is waivable. Therefore, the trial court's denial of post-conviction relief was proper. As a result, Rowe's motion for rehearing is denied.

¶6. **MOTION FOR REHEARING DENIED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR. COBB, J., NOT PARTICIPATING.**