BRIDGES, C.J.,
for the Court:
¶ 1. Willie Lee Austin pled guilty to the crime of burglary and was sentenced as a habitual offender to a term of seven years in the custody of the Mississippi Department of Corrections without the possibility of parole. Aggrieved, Austin argues on appeal (1) he received ineffective assistance of counsel, and (2) the trial court failed to provide him a transcript of the plea hearing to prepare his post-conviction relief motion. Finding no merit to the issues raised, we affirm.
FACTS
¶ 2. The record reflects on April 1, 1996, several defendants were before the Forrest County Circuit Court to enter pleas of guilty. The trial judge called Austin forward and stated that Austin was charged with the crime of burglary as a habitual criminal. The circuit clerk administered the oath to all the defendants after which the trial judge individually questioned Austin. In response to the judge’s questioning, Austin, age 36, testified that he had twelve years of education and had been employed as a factory worker. Although the trial judge then questioned the entire group of defendants, the transcript of the hearing included only Austin’s responses to the judge’s questions. Austin stated that he was not under the influence of drugs or intoxicants, and that he understood the nature and the consequences of the charge against him.
¶ 3. The trial judge addressed Austin: “Willie Lee Austin, did you commit the crime of Burglary; and do you understand you are being charged under that crime as a habitual offender?” To which Austin replied, “Yes, sir.”
¶ 4. To the trial judge’s questions Austin responded he understood the minimum and the maximum sentences that could be imposed in his case. He understood that by entering a guilty plea he waived his right to appeal, his right against self-incrimination, his right to a jury trial, his right to have the State prove the case against him beyond a reasonable doubt, his right to confront the witnesses against him, and his rights to testify or not testify.
*392 ¶ 5. Austin admitted he committed the crime and testified that his plea was not the result of threats or promises. His attorney testified Austin had been advised of and fully understood his constitutional and statutory rights. Austin testified he was satisfied with the services of his attorney, his attorney made no threats or promises to get him to plead guilty, and he had been properly represented by his attorney.
¶ 6. Austin further stated his testimony was true and he was pleading guilty because he was, in fact, guilty. Austin knew of no reason why the trial judge should reject his plea.
¶ 7. The record indicates that, thereafter, the “defendants were before the court individually with their attorneys.” Austin, once again, admitted his guilt. In light of the fact that Austin was charged as a habitual offender under Miss.Code Ann. § 99-19-81 (Rev.1994), a bifurcated hearing was held to establish proof that Austin was, in fact, a habitual offender. The trial judge sentenced Austin to seven years in the custody of the Mississippi Department of Corrections as a habitual offender which was the maximum sentence for the crime of burglary.
¶ 8. Austin filed a motion for post conviction relief and three motions to withdraw his guilty plea, which the trial court summarily denied the motions on December 8, 1997, finding them to be without merit. Austin now appeals the denial of his motion for post conviction relief.
ARGUMENT AND DISCUSSION OF LAW
¶ 9. Austin argues on appeal he received ineffective assistance of counsel because his counsel allowed the trial court to question Austin about the crime for which he was indicted before the trial court advised Austin of his right against self-incrimination, and his counsel did not insist that the trial court set forth the minimum and maximum sentences for the crime of burglary as required under URCCC 8.04 before accepting Austin’s guilty plea.
¶ 10. The standard for evaluating ineffective assistance of counsel claims was set forth by the Mississippi Supreme Court in Eakes v. State, 665 So.2d 852, 872 (Miss.1995), adopting Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant has to prove (1) that his attorney’s performance was deficient, and (2) that the deficiency was so substantial as to deprive the defendant of a fair trial. Eakes, 665 So.2d at 872. The overall performance of the counsel must be reasonable considering the totality of the circumstances. Foster v. State, 687 So.2d 1124, 1129 (Miss.1996); Taylor v. State, 682 So.2d 359, 363 (Miss.1996). There is no constitutional right to errorless counsel. Foster, 687 So.2d at 1130. “Judicial scrutiny of counsel’s performance must be highly deferential.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
[Tjhere is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
Schmitt v. State, 560 So.2d 148, 154 (Miss.1990) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
¶ 11. Austin argues that he was not advised of his constitutional right against self-incrimination before he was questioned about the crime. The State contends Austin was interrogated thoroughly by the trial court at the time his plea was tendered regarding his rights and the consequences of his plea. Only after the trial court determined that Austin fully understood the indictment, his status as an habitual offender and that the court was not bound to follow any recommended sentence proposed by the district attorney, did the trial court ask Austin the following:
*393 Q. Do you fully understand the consequences of your act in pleading guilty to the charge, that is, you understand you are admitting you did in fact commit the crime with which you have been charged?
A. Yes, sir.
Q. Do you realize you are waiving your right under the Constitution that protects you against self incrimination?
A. Yes, sir.
Q. Are you entering this guilty plea solely because you are guilty and for no other reason?
A. Yes, sir.
¶ 12. Thus, the record confirms that the trial court thoroughly questioned Austin to ensure Austin’s guilty plea was voluntary and knowingly entered. Therefore, by voluntarily and knowingly pleading guilty, Austin waived his constitutional right against self incrimination. Anderson v. State, 577 So.2d 390, 391 (Miss.1991).
The Mississippi Supreme Court has stated:
[W]e have recognized that a valid guilty plea operates as a waiver of all non-jurisdietional rights or defects which are incident to trial. We have generally included in this class “those [rights] secured by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890.”

Id.

¶ 13. Further, the transcript of the plea hearing reveals Austin represented to the court that he understood he was entering a plea as a habitual criminal and that he knew the minimum and maximum sentences available for the crime of burglary:
Q. (BY THE COURT) Are you a prior convicted felon?
A. Yes, sir.
Q. Do you understand as a prior convicted felon you will be receiving a sentence of time?
A. Yes, sir.
Q. Do you understand you are entering a plea as a habitual criminal?
A. Yes, sir.
[[Image here]]
A. Do you understand any maximum sentence and also any minimum sentence that may be imposed upon you if you enter this plea of guilty?
A. Yes, sir.
Q. Do you understand this court is not bound by any conversation that your attorney may have had with the District Attorney’s office and that this Court itself will determine what your sentence shall be?
A. Yes, sir.
Q. Knowing these things are you still sure you want to plead guilty?
A. Yes, sir.
¶ 14. Thus, Austin’s arguments that his attorney failed to object to the trial court questioning him about the crime before advising him of his constitutional rights and his attorney failed to insist that the trial court specify the maximum and minimum sentences for the crime of burglary before accepting Austin’s guilty plea are without merit.
¶ 15. We find nothing in the record to support Austin’s allegations that defense counsel was deficient in his representation or that Austin was prejudiced as a result. Moreover, Austin testified at the plea hearing he was satisfied with the services of his attorney, and he had been properly represented by his attorney. Given the totality of the circumstances and the highly deferential standard of review of claims involving assistance of counsel, Austin’s assignment of error that his counsel was ineffective during his guilty plea hearing is without merit.
¶ 16. Regarding Austin’s assignment of error that the trial court failed to *394 provide him a copy of the plea hearing transcript for his use in preparing his motion for post conviction relief, we find Austin did not demonstrate that the transcript was necessary to decide a specific issue. Therefore, he was not entitled to a free copy of his plea transcript. Fleming v. State, 553 So.2d 505, 506 (Miss.1989); Walker v. State, 703 So.2d 266 (Miss.1997). This assignment of error is meritless.
¶ 17. The trial judge’s denial of Austin’s motion for post conviction relief is affirmed.
¶ 18. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING APPELLANT POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO FORREST COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.