THOMAS, J.,
for the Court:
¶ 1. Kelvin McClurin, pro se, appeals an order of the Circuit Court of Claiborne County, Mississippi denying his petition for post-conviction relief. Aggrieved, McClurin perfected this appeal, raising the following issue as error:
I. THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING MCCLURIN’S MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.
FACTS
¶ 2. McClurin was found guilty of sale of cocaine and sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections in September of 1996. Shortly thereafter, the State offered a nolle prosequi of two outstanding indictments of sale of cocaine and sale of marijuana if McClurin agreed to forego an appeal on the September 1996 conviction. McClurin accepted this plea bargain. The State has provided copies of the nolle pro-sequi agreements.
¶ 3. McClurin now asserts that he has been deprived of the right to an appeal.
ANALYSIS
I. DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING MCCLURIN’S MOTION FOR POST-CONVICTION RELIEF?
¶ 4. While the argument asserted by McClurin is vague, it seems that he contends that he did not willfully and knowingly waive his right to appeal the September of 1996 conviction for which he is now serving a thirty year sentence. However, the record clearly reflects that McClurin entered into a written agreement whereby McClurin waived his right to appeal the September 1996 conviction in return for the State entering a nolle prosequi for the two pending sale of cocaine and sale of marijuana charges. Therefore, McClurin waived his right to an appeal in this plea bargain. Such a waiver of the right to appeal is valid, and we support it accordingly. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991).
¶ 5. Further, our supreme court has stated that:
*119 a plea is deemed “voluntary and intelligent” only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea. See Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice additionally requires, inter alia, that the trial judge “inquire and determine” that the accused understands the maximum and minimum penalties to which he may be sentenced.
Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The record also shows that McClurin was thoroughly advised of the charges against him and the consequences of his plea arrangement as required by the above case law.
¶ 6. Accordingly, counsel for McClurin did not provide.ineffective assistance when he did not perfect an appeal of the September of 1996 conviction, due to the fact that McClurin had waived this right.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ„ CONCUR.