CHANDLER, J.,
for the court.
¶ 1. On February 16, 1999, Curtis Hinton was indicted for false pretenses. Hinton pled guilty before the Circuit Court of Lowndes County, Mississippi. He was sentenced to one year in the custody of the Mississippi Department of Corrections to be served consecutively with a previously imposed sentence.
¶2. On April 4, -2001, Hinton filed a motion for post-conviction relief alleging a violation of his constitutional right to a speedy trial. The motion was dismissed by the trial court. Aggrieved by the dismissal, Hinton filed this appeal alleging that he was denied the right to a speedy trial and therefore, his sentence should be vacated.
¶ 3. Finding no error, we affirm.
FACTS
¶ 4. On November 28, 1998, Hinton presented a personal check in the amount of $254.51 to a convenience store clerk in Lowndes County, Mississippi. On February 16, 1999, he was indicted for false pretenses by a Lowndes County Grand Jury. Hinton pled guilty to the charge and was sentenced to one year in the custody of the Mississippi Department of Corrections to be served consecutively with a previously imposed sentence.
LAW AND ANALYSIS
¶ 5. Hinton argues on appeal that the trial court should have dismissed the false pretenses indictment sua sponte because his constitutional right had allegedly been violated. He argues that the court erred in accepting the guilty plea and sentencing him to one year in the Mississippi Department of Corrections because the State failed to prosecute him within two hundred seventy days as required by Miss.Code Ann. § 99-17-1.
¶ 6. The facts of this case are directly on point with that of Rowe v. State, 735 So.2d 399 (Miss.1999). In Rowe, the defendant pled guilty to manslaughter and was sentenced to eighteen years in the custody of the Mississippi Department of Corrections. Id. at (¶ 1). Rowe filed a motion for post-conviction relief and argued that sentence should be vacated because the State failed *256 to prosecute him within two hundred seventy days as required by law. Id. at (¶ 2).
¶ 7. The court found that Rowe’s petition had been properly dismissed by virtue of his guilty plea. Id. at (¶ 5). “This court has found that a guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin.” Id. at (¶ 3); Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991). In Anderson, the court stated that a valid guilty plea waives all non-jurisdictional rights or defects which are incidental to trial, including the right to a speedy trial as secured by the Constitution of the United States and the Mississippi Constitution of 1890. Anderson, 577 So.2d at 391-92. “We take this opportunity to specifically include in that class of waivable or forfeitable rights, the right to a speedy trial whether of constitutional or statutory origin.” Id.
¶ 8. It is the opinion of this Court that Hinton’s petition for post-conviction relief was properly dismissed by the trial court.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.