MYERS, P.J.,
for the Court.
¶ 1. The appeal of Kenneth Greer is before this Court from the denial, in part, and the granting, in part, of his motion for post-conviction relief filed in the Circuit Court of Harrison County. In the lower court Greer was granted a re-sentencing due to a lack of counsel at his sentencing. This appeal raises three issues: (1) failure *1041 of trial judge to allow retained counsel adequate time to prepare for trial, (2) a broken plea-bargain, and (3) inadequate representation during re-sentencing.
STATEMENT OF FACTS
¶2. Kenneth Greer pled guilty to two counts for felony DUI and to recidivism under Mississippi Code Annotated § 99-19-81 (Rev.2002) on April 16, 2002. The State made a recommendation that Greer be sentenced to three years on each charge with the sentences to run consecutively. Greer was accompanied to trial by his retained counsel, Patricia Champagne, after having dismissed his court-appointed counsel.
¶ 3. At the plea hearing Greer indicated that he had completed the twelfth grade and that he could read and write. Greer stated that he had read and signed the petition to enter plea of guilty. Greer was advised by the trial judge, Honorable Stephen B. Simpson, that the sentence for felony DUI was up to the court and that Greer’s sentence could be anywhere from the minimum term of imprisonment of one year up to the maximum of five years for each count. Greer was informed by the court that the court was not required to follow the recommendation of the district attorney. At this hearing, Greer through attorney Champaign informed Judge Simpson that Greer required hip replacement surgery and was scheduled for an appointment in the coming days. Judge Simpson delayed sentencing in order that Greer could attend the appointment.
¶ 4. A year later, on April 21, 2003, Greer was sentenced to serve a term of five years in prison on each count with the sentences to run concurrently and to serve the sentence without the benefit of probation or parole under Mississippi Code Annotated § 99-19-81. At this sentencing, Champagne was not present, because she had not been notified of the hearing.
¶ 5. Greer filed a petition with the court, following his sentencing, for post conviction collateral relief (PCR) on July 28, 2003, asserting the claims of (1) the integrity of his indictment, (2) the voluntariness of his pleas, and (3) the denial of legal counsel at sentencing. On April 16, 2004, Judge Simpson signed an order granting in part and denying in part Greer’s motion for post-conviction relief. A majority of Greer’s claims were dismissed without an evidentiary hearing. The claim of denial of counsel at sentencing was found to be meritorious, and Greer was given a re-sentencing hearing.
¶ 6. The re-sentencing was conducted on June 21, 2004, at which time attorney Champagne was present. Greer was re-sentenced to a term of five years on each count with the sentences to run concurrently and to be served as an habitual offender under Mississippi Code Annotated § 99-19-81.
¶ 7. This petition followed asserting three points of error:
I. HARRISON COUNTY CIRCUIT COURT JUDGE ABUSED HIS DISCRETION BY DENYING DEFENSE COUNSEL PROPER TIME TO CONSULT AND PREPARE FOR A DEFENSE TO FELONY DUI AND HABITUAL OFFENDER.
II. PETITIONER WAS SENTENCED TO A TERM THAT WAS GREATER THAN THE TERM AGREED TO IN THE PLEA BARGAIN.
III. DEFENSE COUNSEL PROVIDED INADEQUATE REPRESENTATION AT RE-SENTENCING.
¶ 8. Finding no error, we affirm.
*1042 ANALYSIS
I. HARRISON COUNTY CIRCUIT COURT JUDGE ABUSED HIS DISCRETION BY DENYING DEFENSE COUNSEL PROPER TIME TO CONSULT AND PREPARE FOR A DEFENSE TO FELONY DUI AND HABITUAL OFFENDER.
STANDARD OF REVIEW
¶ 9. The grant or denial of a continuance lies within the sound discretion of the trial court. We have held that “we will not reverse a case based solely on a denial of a continuance unless the defendant shows not only an abuse of discretion, but also that injustice resulted from it.” Williams v. State, 751 So.2d 1137 (¶ 16) (Miss.Ct.App.1999).
DISCUSSION
¶ 10. As his first point of error, Greer asserts that Judge Simpson’s denial of counsel’s motion for a continuance was an abuse of discretion. In the pro se brief supplied by Greer, he indicates that he had retained Champagne on April 16, 2002, the day on which his plea of guilty was entered. Following the denial of his motion for a continuance, Greer entered his plea of guilty. In Anderson v. State, our supreme court stated, “[W]e have recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. We have generally included in this class those [rights] secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3; of the Mississippi Constitution of 1890.” Anderson v. State, 577 So.2d 390, 391 (¶ 4) (Miss.1991) (citations omitted).
¶ 11. We find that Greer entered a valid guilty plea on April 16, 2002. Greer was informed by the court that he was entitled to a speedy and public trial by a jury and Greer waived his right to a trial. The court then questioned Greer to determine that the entry of the guilty plea was knowingly and voluntarily given. Judge Simpson informed Greer of the consequences of entering a plea of guilty, determined that Greer was not under the influence of any mental disability, alcohol or drug, and that Greer had read and understood the plea agreement he signed. Additionally, Judge Simpson informed Greer that the court did not have to abide by the sentencing agreement. Judge Simpson informed Greer that the court could impose a sentence anywhere from the minimum to the maximum. Upon being informed of all his rights and the determination by Judge Simpson that Greer was competent to enter a plea, Greer entered his plea of guilty.
1112. Finding that Greer’s guilty plea is valid and without error, we find that Judge Simpson did not abuse his discretion and this error is without merit.
II. PETITIONER WAS SENTENCED TO A TERM THAT WAS GREATER THAN THE TERM AGREED TO IN THE PLEA BARGAIN.
STANDARD OF REVIEW
“Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.” Hoops v. State, 681 So.2d 521, 537 (Miss.1996). “Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.” Id. (quoting Fleming v. State, 604 So.2d 280, 302 (Miss.1992)).
DISCUSSION
¶ 13. In the second point of error presented in this petition, Greer asserts that he was promised a sentence of three years for his plea of guilty but received a sentence of five years at his sentencing and re-sentencing. It is true that the *1043 prosecutor agreed to recommend, a sentence of three years if Greer entered a guilty plea for the two counts of felony DUI, but it is clear from the record that Judge Simpson informed and Greer understood that the court was not required to follow the prosecutor’s recommendation. In his decision to enter a sentence greater than three years, Judge Simpson was well within his discretion to impose the maximum sentence of five years. During the hearing at which the guilty plea was entered, Judge Simpson informed Greer that a sentence within the minimum one year and maximum five years could be imposed even if contrary to the prosecutor’s recommended sentence. Greer informed the court that he understood the potential for a differing sentence.
¶ 14. Judge Simpson postponed sentencing on the date of the guilty plea to allow Greer to attend an appointment for hip replacement. Greer did not appear when sentencing was later set and a warrant was issued for his arrest. Between the initial plea hearing (April 16, 2002) and the sentencing hearing (April 21, 2003), Greer was arrested for another DUI (eleven days after the initial hearing) (charges subsequently dropped) and was arrested in Louisiana for domestic violence. From the arrest in Louisiana, Greer was returned to Mississippi and sentencing was set.
¶ 15. Finding that Judge Simpson did not abuse his discretion in sentencing Greer to the maximum five years instead of three years, and that Greer was aware of the minimum and maximum allowable sentence, we find this error is without merit.
III. DEFENSE COUNSEL PROVIDED INADEQUATE REPRESENTATION AT RE-SENTENCING.
STANDARD OF REVIEW
¶ 16. In order to prove ineffective assistance of counsel, Greer must prove by a preponderance of the evidence that (1) counsel’s performance was defective, and (2) the defect was so prejudicial that it prevented Greer from receiving a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). The supreme court held that when evaluating ineffective assistance of counsel claims “the focus of the inquiry is whether counsel’s assistance was reasonable considering all the circumstances.” Gray v. State, 887 So.2d 158, 164 (¶ 8) (Miss.2004).
DISCUSSION
¶ 17. Greer’s third point of error in this petition is ineffective assistance of counsel at his re-sentencing. At the re-sentencing hearing his attorney, Champagne, was present but, Greer argues that she told him that she was there only to inform the court of why she was not present at the previous sentencing. The record does not support this contention. Champagne was actively involved in the sentencing hearing. She pointed out to the court Greer’s age and his need for hip replacement and asked that the condition be taken into consideration when imposing sentence. Additionally, Champagne requested that the court consider post-release supervision. Champagne did indicate to the court that she was not representing Greer on any PCR matters when Greer brought up his motion at the hearing.
¶ 18. Finding that defense counsel provided adequate representation at the re-sentencing, we find this error without merit.
CONCLUSION
¶ 19. Finding all three errors raised by Greer in this petition for post-conviction relief are without merit, we affirm.
*1044 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.