¶ 1. Morris Randall Frith appeals the denial of his petition for post-conviction relief. He asserts the following errors: (1) he involuntarily entered a guilty plea because he was not informed of the maximum and minimum sentences for the crimes charged or of the nature of the *Page 318 
charges against him, (2) he was denied the right to counsel, and (3) he was denied effective assistance of counsel. We find no error and affirm.
 FACTS ¶ 2. Frith was indicted for attempted rape, armed robbery and grand larceny. On February 18, 1997, he entered a guilty plea to all counts and received a sentence of ten years for attempted rape, ten years for armed robbery and five years for grand larceny. All three sentences are to run consecutively.
 ¶ 3. On February 10, 2000, Frith filed a petition for post-conviction relief. An evidentiary hearing to determine the voluntariness of Frith's guilty plea was held on July 13, 2006. After the hearing, the circuit court denied the petition for post-conviction relief. From this judgment, Frith appeals.
 STANDARD OF REVIEW ¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State,806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App. 2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999).
 ANALYSIS 1. Was Frith's plea voluntary?
 ¶ 5. Frith contends that he involuntarily entered a guilty plea because he was not informed of the maximum and minimum sentences for the crimes for which he was charged or of the nature of the charges against him. The State asserts that Frith's testimony at the evidentiary hearing and his signature on the plea petition agreement show that Frith was informed of the nature of the crimes and their maximum and minimum sentences and thus his plea was entered voluntarily.
 ¶ 6. A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State,583 So.2d 174, 177 (Miss. 1991). Such a plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v.State, 605 So.2d 1170, 1172 (Miss. 1992). He must also understand the maximum and minimum sentences under the law. URCCC 8.04(A)(4)(b).
 ¶ 7. Frith signed and presented to the circuit court a petition to plead guilty. Both of his attorneys testified that they were present at this time and fully explained to Frith that entering a plea petition agreement is a free and voluntary act. Under oath, the judge asked Frith if the allegations set forth in the petition to plead guilty were true, and he answered yes. In the petition, Frith acknowledged that he understood the charges against him and that he knew and understood the maximum sentence for the crimes charged. The judge then asked if any part of the petition needed to be changed and Frith responded that it was correct.
 ¶ 8. Additionally, the judge thoroughly questioned Frith to determine whether Frith understood the maximum and minimum sentences applicable to the crimes to which he was entering a guilty plea. At the evidentiary hearing, Frith testified that he entered a guilty plea under oath before the circuit court. He told the judge that he understood that he was there to enter a guilty plea to three felony crimes and would be sentenced to the penitentiary. Frith further testified that he told the judge that the maximum and minimum penalties of the crimes charged had been explained to him by his attorney, and he *Page 319 
had no other questions about the maximum sentence.
 ¶ 9. Despite Frith's argument that he was never informed of the nature of the crimes and their maximum and minimum sentences, the record reflects that he fully understood the consequences of his guilty plea. In fact, he told the judge that he was voluntarily entering the plea and that he was aware of the maximum sentences for the crimes charged.
 ¶ 10. Accordingly, we find no merit to this issue.
 2. Was Frith denied his Sixth Amendment right to counsel?
 ¶ 11. Before Frith entered a guilty plea, his attorney filed a motion for a continuance of the case which was denied by the circuit court. Frith claims that this denial was a violation of his right to counsel because there was insufficient time to conduct an investigation before trial.
 ¶ 12. However, after the continuance was denied, Frith freely and voluntarily chose to plead guilty. The Mississippi Supreme Court ruled that "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Anderson v. State, 577 So.2d 390,391 (Miss. 1991). This includes those rights guaranteed under the Sixth and Fourteenth Amendments to the Constitution of the United States and comparable rights under the Mississippi Constitution of 1890. Id.
 ¶ 13. Because Frith entered a valid guilty plea, he waived his rights under the Sixth Amendment. Even so, his argument fails because Frith had appointed counsel from the time that he was charged in October 1996 until he entered a guilty plea in February 1997. He also had retained counsel at the time he entered his plea.
 ¶ 14. We find that Frith waived any argument that his right to counsel was denied upon entering a valid guilty plea; therefore, this issue has no merit.
3. Was Frith denied effective assistance of counsel?
 ¶ 15. Frith also alleges that his guilty plea is invalid because of the ineffectiveness of his attorney. He claims that if his attorney had conducted an investigation, it would have been discovered that the victim of the attempted rape was older than Frith, thus he could not be guilty of attempted statutory rape.
 ¶ 16. To prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that this deficiency prejudiced his defense.Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant. McQuarter v. State, 574 So.2d 685, 687
(Miss. 1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland,466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."Id. at 694, 104 S.Ct. 2052. In cases involving post-conviction relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss. 1995).
 ¶ 17. Frith offers no evidence other than his own allegations that his counsel's performance was deficient. He has also failed to prove the second prong of the Strickland
test because he has no proof that the outcome would have been different had counsel conducted an investigation. It was the opinion of his attorney that Frith was likely to receive life in *Page 320 
prison if the case proceeded to trial. Facing such a severe sentence, Frith chose to plead guilty and provides no proof that further investigation of the facts of the case would have changed his decision to enter into a plea agreement.
 ¶ 18. Moreover, Frith's claim is contradicted by the record. He stated in his plea petition that he was satisfied with the representation of his attorneys and that they advised him in a manner that was in his best interest in the case.
 ¶ 19. Thus, Frith's ineffective assistance of counsel argument is without merit.
 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTTCOUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OFTHIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.