920 So.2d 1015 (2005)
James ROBINSON a/k/a James Roberson, Appellant,
v.
STATE of Mississippi, Appellee.
Nos. 2003-CP-02446-COA, 2001-CP-01129-COA.
Court of Appeals of Mississippi.
September 13, 2005.
Rehearing Denied February 14, 2006.
*1016 James Earl Robinson, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. This Court adjudicated James Earl Robinson's earlier appeal from the dismissal of his motion for post-conviction relief (PCR) in Robinson v. State, 2001-CP-01129-COA, 920 So.2d 1009, 2003 WL 1480659 (Miss.Ct.App.2003). We reversed and remanded for an evidentiary hearing on the single issue of whether Robinson received ineffective assistance of counsel regarding a potential constitutional speedy trial claim. After the mandated evidentiary hearing was held, the Circuit Court of Washington County entered an order denying Robinson's PCR because Robinson had failed to demonstrate that he had received ineffective assistance of counsel. Now, Robinson appeals pro se from the lower court's order and argues that the evidence adduced at the hearing established that his trial counsel was ineffective *1017 due to the failure to assert a speedy trial claim.[1] We find Robinson's argument to be without merit and, therefore, affirm the denial of post-conviction relief.

FACTS
¶ 2. Robinson was arrested on September 15, 1997, and charged with rape and burglary. He was brought to trial on November 5, 1998. On that date, Robinson decided to plead guilty to the rape charge in exchange for the dismissal of the burglary charge. The court accepted the plea and sentenced Robinson to serve fifteen years in the custody of the Mississippi Department of Corrections.

STANDARD OF REVIEW
¶ 3. When reviewing the denial of a motion for post-conviction relief, this Court will not disturb the trial court's fact-findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). "However, where questions of law are raised the applicable standard of review is de novo." Id.

LAW AND ANALYSIS

I. WHETHER THE TRIAL COURT ERRONEOUSLY DENIED ROBINSON'S PCR UPON A FINDING THAT ROBINSON HAD FAILED TO SHOW THAT HIS COUNSEL WAS INEFFECTIVE.
¶ 4. In his motion for post-conviction relief, Robinson claimed that his trial counsel was ineffective for failing to raise a speedy trial violation. Counsel's failure to raise a speedy trial violation is grounds for a claim of ineffective assistance of counsel. Hymes v. State, 703 So.2d 258, 260-61 (¶¶ 11-14) (Miss.1997). This Court applies the two-part test from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to claims of ineffective assistance of counsel. Strickland places the burden of proof upon the claimant to show that counsel's performance was deficient and that the deficiency prejudiced the defense. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). There is a strong presumption that counsel's decisions were strategic and within the wide range of reasonable conduct. Id. at 969. To overcome the presumption, the claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 968 (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). In determining whether a claimant received ineffective assistance, this Court examines the totality of the circumstances. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 5. To prevail on his ineffective assistance claim, Robinson must show that there was a reasonable probability that, but for counsel's deficiency, his speedy trial claim would have succeeded. In assessing the merits of Robinson's constitutional speedy trial claim, this Court uses the balancing test from Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors the Court considers are: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. Manix v. State, 895 So.2d 167, 175-76(¶ 16) (Miss.2005). No one factor is dispositive, and the totality *1018 ty of the circumstances are considered in determining whether the speedy trial right has been violated. Jefferson v. State, 818 So.2d 1099, 1106(¶ 11) (Miss.2002). Any delay of over eight months is presumptively prejudicial, requiring the balancing of the other three Barker factors and shifting the burden to the prosecution to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of the reasons. State v. Ferguson, 576 So.2d 1252, 1254 (Miss.1991).

A. Length of the delay
¶ 6. The constitutional right to a speedy trial attaches at the time a person is accused, whether at arrest, indictment, or information. Smith v. State, 550 So.2d 406, 408 (Miss.1989). Robinson was arrested on September 15, 1997, and he entered the guilty plea on November 5, 1998. In Robinson's earlier appeal, we held that this fourteen-month delay was presumptively prejudicial, but remanded for an evidentiary hearing concerning the other three Barker factors. On remand, the lower court received evidence, considered the three remaining Barker factors, and found that Robinson had failed to show a reasonable probability that a speedy trial claim would have succeeded. In the instant appeal, Robinson contends that this ruling was error. We review the lower court's consideration of the Barker factors.

B. Reason for the delay
¶ 7. The reasons for the fourteen month delay in bringing Robinson to trial were developed at the evidentiary hearing. On December 23, 1997, an attorney with the public defender's office filed a speedy trial request on behalf of Robinson. On February 3, 1998, a new attorney, Wayne O. Lee, was appointed to represent Robinson. The trial was scheduled for February 11. Lee filed a motion for a continuance in order to adequately familiarize himself with Robinson's case. The motion was granted. On Robinson's motion, the court again continued his trial from April 7, 1998 until the next term of court. Lee testified that he had requested this continuance because, despite his efforts, he had been unable to locate Robinson until March 29, 1998. Thus, he needed more time to adequately prepare for the trial. On July 15, 1998, the trial court granted Robinson another continuance, this time continuing the trial from July 27, 1998 until the next term of court. Lee stated that he had requested this continuance to obtain a mental evaluation of Robinson. Lee said that the trial court had ordered Robinson's mental evaluation on April 7, 1998, but a backlog of patients had prevented the evaluation from occurring until August 3, 1998. Robinson's next trial date was November 5, 1998. On that date, Robinson elected to plead guilty rather than to proceed to trial.
¶ 8. The lower court found that Robinson's failure to communicate with his counsel and counsel's strategic decision to obtain a mental evaluation of Robinson caused the delay in this case. The lower court's findings are supported by the record and are not clearly erroneous. "Delays caused by the defense, such as requests for continuances, will toll the running of the speedy trial clock for that length of time attributable to the continuance." Hersick v. State, 904 So.2d 116, 121(¶ 16) (Miss.2004). Since the delay was caused by the three continuances obtained by Robinson, the lower court properly weighed the reason for the delay against Robinson.

C. Assertion of the right to a speedy trial
¶ 9. While the State bears the responsibility to timely bring the accused to trial, the defendant has some responsibility *1019 to assert the speedy trial right. Wiley v. State, 582 So.2d 1008, 1012 (Miss.1991). Robinson, through prior counsel, asserted his right to a speedy trial by written motion on December 23, 1997. Accordingly, the lower court found that this factor weighed in favor of Robinson.

D. Prejudice
¶ 10. The three primary considerations in evaluating whether the defendant has been prejudiced by the delay are: (1) the prevention of oppressive pre-trial incarceration; (2) the minimization of anxiety and concern of the accused; and (3) limiting the possibility the defense will be impaired. Price v. State, 898 So.2d 641, 649-50(¶ 18) (Miss.2005). Since the inability of the defendant to adequately prepare his defense "skews the fairness of the entire system," the third consideration is the most important. Id.
¶ 11. The lower court found that Robinson had not been prejudiced by the delay because he failed to show any negative consequences of the delay save his pre-trial incarceration. This finding is supported by the record. The record shows that Robinson's attorney requested the continuances in order to adequately prepare Robinson's defense, indicating that Robinson's defense was enhanced, not impaired, by the delay. And, pre-trial incarceration, without more, is not considered prejudicial. Jefferson, 818 So.2d at 1108(¶ 22). Since Robinson failed to show any negative consequences from the delay save his pre-trial incarceration, the lower court correctly weighed the prejudice factor against Robinson.
¶ 12. The totality of the circumstances surrounding the fourteen-month delay supports the lower court's finding that Robinson's speedy trial claim did not have a reasonable probability of success. The record reflects that, while Robinson requested a speedy trial, he later requested three continuances that delayed his trial date. Robinson's counsel testified that these continuances were necessary to adequately prepare for Robinson's trial. There was no evidence that Robinson's counsel deficiently ignored a viable speedy trial claim or that the outcome would have been different had Robinson's counsel asserted a speedy trial claim. Therefore, Robinson did not receive ineffective assistance of counsel. We affirm the denial of post-conviction relief to Robinson.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] After the trial court entered its order denying post-conviction relief, the trial court transmitted the record to this Court for further proceedings. A file number was assigned though no notice of appeal had been filed. Then, Robinson timely filed a notice of appeal from the order denying post-conviction relief and another file number was established. On May 24, 2004, the cases were consolidated.