933 So.2d 995 (2006)
Mark A. THOMAS a/k/a Mark Anthony Thomas, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00664-COA.
Court of Appeals of Mississippi.
January 31, 2006.
Rehearing Denied April 18, 2006.
Certiorari Denied July 20, 2006.
*996 Mark A. Thomas, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. On May 23, 1994, Mark Thomas pled guilty to one count of murder in the Jackson County Circuit Court. He received a life sentence for his crime, to run concurrently with a federal sentence. On January 28, 2004, Thomas filed a motion for post-conviction relief which the court denied on February 23, 2004. Aggrieved, by the denial of his post-conviction motion, Thomas filed his notice of appeal on March 8, 2004. Finding that Thomas' motion was not timely filed, the denial of post-conviction relief is affirmed.

DISCUSSION
¶ 2. In case of a guilty plea, all claims for post-conviction relief must be brought within three years of the final judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2005). The only exceptions to this time bar are: (1) where there has been an intervening decision by the United States Supreme Court, or the Mississippi Supreme Court, which the prisoner can show adversely affected the outcome of his conviction or sentence; (2) where the prisoner has newly discovered evidence not reasonably discoverable at the time of trial, which if it had been introduced at trial would have caused a different result; and (3) where the prisoner claims that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked. Id.
¶ 3. Thomas pled guilty and received a life sentence on May 23, 1994. His postconviction relief motion should have been filed within three years of May 23, 1994, or before May 23, 1997. Thomas' request for post-conviction relief was filed on January 28, 2004, more than six years after the statute of limitations had run. Therefore, *997 Thomas' motion for post-conviction relief is time barred.
¶ 4. However, Thomas claims that his counsel failed to provide him with effective assistance and therefore his request for post-conviction relief should survive the time bar. There are certain errors affecting fundamental constitutional rights that may be excepted from procedural bars that would otherwise prohibit their consideration. Luckett v. State, 582 So.2d 428, 430 (Miss.1991). Included within that group are instances where an attorney's performance is so deficient and prejudicial to a defendant, that it is deemed to be violative of the defendant's fundamental constitutional rights. Bevill v. State, 669 So.2d 14, 17 (Miss.1996).
¶ 5. However, merely raising the claim of ineffective assistance of counsel is insufficient to surmount the procedural bar. Id. Therefore it is necessary that we first consider Thomas' claim of ineffective assistance of counsel for the sole purpose of determining whether it may be considered as an exception to the time bar.
¶ 6. In order to successfully claim ineffective assistance of counsel, a defendant must prove that his counsel's performance was deficient, and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thomas claims that his counsel persuaded him to plead guilty rather than pursuing motions for a speedy trial. It is this action which Thomas claims was ineffective assistance of counsel. Counsel's failure to raise a speedy trial violation is grounds for a claim of ineffective assistance of counsel. Hymes v. State, 703 So.2d 258, 260-61 (¶¶ 11-14) (Miss.1997).
¶ 7. However, to prevail on his ineffective assistance of counsel claim, Thomas must still show that, but for his counsel's deficiency, his speedy trial claim would have succeeded. This Court considers the effectiveness of Thomas' efforts in that endeavor through the balancing test set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). That balancing test requires consideration of the following factors: (1) length of the delay, (2) reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the defendant was prejudiced by the delay. Id. at 530, 92 S.Ct. 2182. These factors are closely related and must be considered together. Id. at 533, 92 S.Ct. 2182. Therefore, the question of whether counsel was ineffective must be determined from the totality of the circumstances. Id.
¶ 8. Length of delay: The constitutional right to a speedy trial attaches at the time of arrest. Smith v. State, 550 So.2d 406, 408 (Miss.1989). Any delay in excess of eight months is considered presumptively prejudicial and requires a consideration of the other Barker factors. Id. Thomas was arrested on January 8, 1993. On May 23, 1994, Thomas entered his guilty plea. There was a total of 501 days between Thomas' arrest and plea, which requires a consideration of the remaining Barker factors.
¶ 9. Reason for the delay: Thomas secured one continuance for a psychiatric examination, which accounted for ninety-one days of the 501 day delay. Any delays in the prosecution caused by the defendant are not counted against the State. Jefferson, 818 So.2d at 1106(¶ 11). The State offers no explanation for the remaining 410 days of delay. Where the defendant has not caused the delay, and the State has failed to show good cause for the delay, this factor must weigh against the State. Smith v. State, 550 So.2d 406, 409 (Miss.1989). Therefore, this factor weighs slightly in favor of Thomas.
¶ 10. Whether the defendant asserted his right to a speedy trial: A defendant *998 asserting his speedy trial right is entitled to strong evidentiary weight in determining whether he is being deprived of that right. Barker, 407 U.S. at 531-32, 92 S.Ct. 2182. Thomas made a demand for a speedy trial on December 20, 1993 and renewed that demand by motion on April 2, 1994. This factor weighs in favor of Thomas.
¶ 11. Prejudice: The burden of persuasion is on the State to show that any delay did not prejudice the defendant. Anderson v. State, 874 So.2d 1000, 1008 (¶ 34) (Miss.Ct.App.2004). However, absent a showing of actual prejudice, this prong cannot weigh heavily in favor of the defendant. Id. Thomas claims prejudice in that a potential witness was lost due to the delay. However, Thomas offers no evidence of who the witness was, or the supposed witness's importance, other than a blanket claim of corroboration of self-defense. Where the defendant raises a claim of constitutionally ineffective assistance of counsel in an effort to defeat the time bar, he must affirmatively show that he suffered actual prejudice. In only claiming that contact has been lost with a potential witness, Thomas has failed to do so. Therefore, this prong does not weigh strongly in Thomas' favor.
¶ 12. Although the scales tip slightly in favor of Thomas' claim for speedy trial, we find that his ineffective assistance claim is still without merit. Although Thomas' attorney's performance may have been deficient in not pursuing the speedy trial violation, Thomas has still failed to show actual prejudice that may have denied him any fundamental constitutional rights. Therefore, his attempt to overcome the postconviction relief time bar by claiming ineffective assistance is also without merit. Accordingly, Thomas' post-conviction relief claim is time barred, and we affirm the denial of post-conviction relief.
¶ 13. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., NOT PARTICIPATING.