944 So.2d 922 (2006)
Jerry Ross BRUNSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00903-COA.
Court of Appeals of Mississippi.
December 12, 2006.
*923 Michael Duane Mitchell, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. Following a jury trial, Jerry Ross Brunson was convicted of selling cocaine to *924 an informant. Brunson was sentenced by the Jones County Circuit Court as a habitual offender to a term of sixty years in the custody of the Mississippi Department of Corrections. Aggrieved, Brunson appeals and asserts that the trial court erred in failing to dismiss the indictment for violation of the statutory 270-day rule, that the evidence introduced at trial was insufficient to support the jury's guilty verdict, and that the jury's verdict is against the overwhelming weight of the evidence.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On December 21, 2002, Yvonne Gandy, a confidential informant, and her husband, Curtis Chambers, went to the Laurel, Mississippi narcotics office, where they were searched and wired with electronic surveillance equipment. Immediately after leaving the narcotics office, the couple went to Brunson's residence, located at 811 Beacon Street, to purchase forty dollars worth of cocaine. Brunson informed Gandy that he had only fifteen dollars worth of cocaine, but he made a call in an attempt to obtain more.
¶ 4. Gandy recorded the sale using the video and audio equipment provided by the narcotics division. The video shows Brunson going upstairs and then returning to Gandy. The narcotics agents listened as the sale took place, and the audio recording was later transcribed. On January 4, 2003, after viewing the videotape, agents returned to Brunson's residence and arrested him. He later made bond and was released.
¶ 5. Brunson was arraigned on April 15, 2004, and his case was set for trial on August 17, 2004. Following arraignment, Brunson changed attorneys, and the court set a new trial date of September 30, 2004. On September 15, 2004, Brunson signed a petition to plead guilty. He was supposed to enter the plea on October 8, but he failed to appear. A bench warrant was issued on October 13, and Brunson was rearrested on November 22, 2004.
¶ 6. At trial, Gandy testified that she had not met Brunson prior to December 21, 2002, and she did not know his real name at the time of the sale. However, Gandy identified Brunson in court as the man from whom she had purchased cocaine. She also stated that she knew Brunson only by his "street" name. In contrast, Brunson testified that Gandy knew who he was because they had previously been involved in a sexual relationship and had smoked crack cocaine together on a prior occasion.
¶ 7. The jury was presented a copy of the transcript of the audiotaped recording of the sale. The arrest warrant, as well as the transcript, listed the person selling the drugs as Jerry Ross, and not as Jerry Ross Brunson. The narcotics officers did not learn Brunson's full name until after he was brought to the station. On January 5, 2003, the officers completed a second arrest warrant with Brunson's full name.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 8. Brunson contends that his statutory and constitutional rights to a speedy trial were violated.[1] Allegations that a defendant's right to a speedy trial have been violated are fact specific and are examined and determined on a case-by-case basis. Brengettcy v. State, 794 So.2d 987, 991 (¶ 7) (Miss.2001) (citing Sharp v. *925 State, 786 So.2d 372, 377 (¶ 4) (Miss.2001)). Criminal defendants have a constitutional right to a speedy trial, guaranteed by the Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution. Id. In addition, Mississippi Code Annotated section 99-17-1 (Rev.2000) provides, "[u]nless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." We discuss the speedy trial issues in turn, first the statutory right and then the constitutional right.
1. Statutory Right to a Speedy Trial
¶ 9. For purposes of the 270-day rule, time commences to run at arraignment. Miss.Code Ann. § 99-17-1 (Rev. 2000). As noted in our statement of facts, Brunson was arraigned on April 15, 2004, and was initially set for trial on August 17. The trial date was changed to September 30 after Brunson changed lawyers. On September 15, 2004, Brunson signed a petition to plead guilty but failed to appear on October 8 to enter his plea. Brunson was tried on April 21, 2005, after being rearrested on November 22, 2004. A total of 371 days transpired between the date of Brunson's arraignment and the date of his trial.
¶ 10. As we have already noted, Brunson's case was first set for trial on August 17, 2004. He changed lawyers, and the trial date was changed to September 30. The record does not contain a motion seeking, or an order changing, the new date. However, a reasonable assumption is that new counsel sought the change. The trial judge did not address the time period between August 17 and September 30. However, he found that the prosecution was prepared to proceed to trial on September 30, 2004, the date of the second trial setting. Apparently no trial occurred on this date because two weeks earlier Brunson had executed a plea petition and was supposed to plead on October 8. On these facts, we find that the entire period of time between the initial trial date of August 17 and the trial date should be charged against Brunson. Therefore, of the 371 days elapsing between the date of Brunson's arraignment and the date of his trial, 247 days are chargeable to Brunson, leaving only 124 days chargeable to the State. We agree with the trial judge that, but for Brunson's own actions, Brunson would have been tried on September 30, 2004. In fact, had he not changed lawyers, he likely would have been tried on August 17, 2004. In any event, a trial on either date would have been within 270 days of Brunson's arraignment. Because there was no statutory violation, it is not necessary to address the State's responsibility to establish good cause for the delay in bringing Brunson to trial. "Delays attributable to the defendant toll the running of time." Spencer v. State, 592 So.2d 1382, 1387 (Miss.1991) (citing Vickery v. State, 535 So.2d 1371, 1375 (Miss.1988)).
2. Constitutional Right to a Speedy Trial
¶ 11. This Court applies the four-part test delineated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) in speedy trial analyses to determine whether the defendant's constitutional right to a speedy trial has been impinged upon. Fulgham v. State, 770 So.2d 1021, 1023 (¶ 6) (Miss.Ct.App.2000). The four factors are: "(1) length of delay, (2) reason for delay, (3) defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant." Barker, 407 U.S. at 533, 92 S.Ct. 2182.
*926 ¶ 12. In Spencer, the Mississippi Supreme Court held that a delay of eight months or more is presumptively prejudicial. Id. (citing Smith v. State, 550 So.2d 406, 408 (Miss.1989)). The Spencer court further held that the length of delay operates as a "triggering mechanism," and in cases where the delay is not presumptively prejudicial, there is no need for further inquiry. Id. We now consider the Barker factors in turn.
(A) Length of delay
¶ 13. In determining whether there has been a constitutional speedy trial violation, the time computation begins with the date of the arrest. Brunson was arrested on January 4, 2003, and was tried on April 21, 2005. Therefore, 837 days elapsed between the date of Brunson's arrest and the date of his trial. Since this number of days constitutes more than eight months, we find that the delay is presumptively prejudicial, necessitating a further analysis of the Barker factors.
(B) Reason for delay
¶ 14. In our discussion of the previous issue, we found that Brunson was responsible for 247 days of the delay, leaving 590 days to be accounted for by the State. The record is silent as to any cause for this delay. Therefore, we weigh this factor against the State.
(C) Defendant's assertion of his right to a speedy trial
¶ 15. Brunson never asserted his right to a speedy trial. The day before his trial commenced, he filed a motion to dismiss for violation of the statutory 270-day rule. However, a motion to dismiss is not the same as a motion for a speedy trial. Brewer v. State, 725 So.2d 106, 118 (¶ 47) (Miss.1998). While the responsibility for bringing Brunson to trial rested solely with the State, Brunson could have garnered some weight, for purposes of his speedy trial claim, had he made a timely assertion of his right to a speedy trial. Wiley v. State, 582 So.2d 1008, 1012 (Miss. 1991). Therefore, this factor weighs only slightly against the State.
(D) Prejudice to the defendant
¶ 16. Here, Brunson makes no allegation of prejudice caused by the delay. Indeed, he promptly made bond after he was arrested in January 2003 and remained out of jail on bond until he failed to appear on October 8, 2004, to enter his plea as initially scheduled. A bench warrant was then issued for his arrest, which was executed on November 22. While he apparently remained in jail from November 22 to the date of trial, Brunson himself caused this situation, because he failed to appear for the plea hearing on October 8.
¶ 17. In summary, although Brunson was presumptively prejudiced by the delay in bringing him to trial, he has neither alleged nor shown that he was in fact prejudiced. In the absence of prejudice, we cannot find that Brunson's constitutional right to a speedy trial was violated. State v. Magnusen, 646 So.2d 1275, 1285 (Miss.1994).
2. Sufficiency of the Evidence
¶ 18. A motion for a directed verdict challenges the legal sufficiency of the verdict. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citing Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Evidence is legally sufficient when "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The evidence is sufficient if, upon review, it reveals that "reasonable fair-minded [persons] could have reached different conclusions on every element *927 of the offense." Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss. 1985)). This Court will consider the evidence in the "light most favorable to the State." Id. at 843 (¶ 17).
¶ 19. Brunson contends that the evidence against him is insufficient to support the jury's guilty verdict, and that the trial court erred in denying his motion for a directed verdict. First, Brunson contends that the videotape does not show the actual drug transaction. However, Brunson does not dispute that he is the person with money in his hand in the still photograph taken from the video equipment. Brunson simply argues that he committed no crime by possessing money in his own home. While Brunson is correct, the transcript of the audiotape clearly indicates that Brunson is guilty of more than simply possessing money in his home. It shows emphatically that Brunson was engaged in a drug transaction, ie., that is selling cocaine to Gandy. Gandy approached Brunson and said, "I want something. Forty." Brunson responded, "I ain't got no forty, I got one little fifteen." The photograph clearly shows that Brunson had a five-dollar bill in his hand. It can reasonably be inferred that Brunson was giving the five-dollar bill back to Gandy after she had given him one of the twenty-dollar bills which had been given to her by the Laurel narcotics agents.
¶ 20. Second, Brunson contends that his conviction rests on the testimony of Gandy, who previously has been convicted of forgery, a felony, which renders her untrustworthy. This argument lacks merit because Gandy testified in open court, subjecting herself to cross-examination. Additionally, the jury is in a better position to determine whether Gandy's testimony lacked credibility. It is the responsibility of the jury to weigh the credibility of a witness. Jackson v. State, 614 So.2d 965, 972 (Miss.1993).
¶ 21. Third, Brunson argues that Gandy had a financial stake in the outcome of his case because she was being paid to purchase drugs. We find no merit to this argument. Agent Van Syckel testified that informants are paid something even if they do not complete a drug transaction.
¶ 22. Although Brunson makes an issue of the fact that Gandy did not know his real name, the State presented sufficient evidence from which the jury could determine that Brunson is the person with whom Gandy dealt. For example, Van Syckel testified that in situations where the informant does not recognize the suspect, other officers who are familiar with the suspect view the videotape and identify the person. This is exactly what happened in this case. Narcotics Agent Trea Staples testified that when he watched the video, he immediately recognized Brunson as someone he had seen before, but he could not recall his name. After further investigation, Brunson was identified, and the arrest warrant was corrected to indicate that Jerry Ross Brunson was the person who sold cocaine to Gandy.
¶ 23. Based on the reasons stated above, we find that the trial court did not err in refusing to grant Brunson's motion for a directed verdict.
3. Weight of the Evidence
¶ 24. This Court will only disturb a jury's verdict on the ground that it is against the overwhelming weight of the evidence "when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush, 895 So.2d at (¶ 18) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). The Bush court stated, "[t]he motion . . . should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." *928 Id. (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)). "The evidence should be weighed in the light most favorable to the verdict." Id. (citing Herring, 691 So.2d at 957).
¶ 25. In addition to the arguments already made in support of his motion for a directed verdict, Brunson contends that the verdict was against the overwhelming weight of the evidence because he was not the only individual at the residence when Gandy claims to have purchased the cocaine. The record is clear that others were present at the time Gandy came to Brunson's home, but Gandy testified that Brunson was the person from whom she purchased cocaine. Additionally, Brunson appears in the photographs from the videotape.
¶ 26. This Court has already found the evidence sufficient to support Brunson's conviction. Similarly, we find that Brunson's conviction was not against the overwhelming weight of the evidence, and allowing his conviction to stand will not sanction an unconscionable injustice. Therefore, we affirm Brunson's conviction and sentence.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Although Brunson states in his brief that his constitutional, as well as his statutory, right to a speedy trial was violated, he only briefed the statutory claim. Nevertheless, we briefly address both claims.