966 So.2d 844 (2007)
Curtis HARDIN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00068-COA.
Court of Appeals of Mississippi.
October 2, 2007.
*845 Curtis Hardin, pro se.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
*846 CHANDLER, J., for the Court.
¶ 1. Curtis Hardin pled guilty to armed robbery, conspiracy to commit armed robbery, and aggravated assault. He filed a motion for post-conviction relief (PCR) in the Circuit Court of Pike County, which denied the motion. Hardin, pro se, appeals, raising the issues of: (1) whether his plea was intelligently and voluntarily made and (2) whether he received ineffective assistance of counsel.

FACTS
¶ 2. Curtis Hardin was indicted on February 21, 2003, for Count I, burglary of a residence, Count II, armed robbery, Count III, conspiracy to commit armed robbery, and Count IV, aggravated assault. The charges stemmed from events on the night of September 5, 2001, when Hardin, his wife, and Danny Brown broke into the home of Danny's uncle, Ottis Brown, in McComb, Mississippi. The group stole various items from Ottis and severely beat him with a pool stick and baseball bat, leaving him for dead.
¶ 3. Hardin initially pled not guilty to all charges. However, on June 13, 2003, he withdrew his not guilty plea and pled guilty to counts II, III, and IV. Count I was dismissed by the State. The court sentenced Hardin to serve a term of forty-five years on Count II, five years on Count III, and fifteen years on Count IV, with all sentences to run consecutively. It was further ordered that Hardin serve the first twenty years on Count II with the remaining twenty-five years to be served on post-release supervision, with five years to be served on a supervised, reporting basis and twenty years to be served on an unsupervised, non-reporting basis. On Count III, the court ordered Hardin to serve the first two years, with the remaining three years to be served on post-release supervision, and on Count IV, to serve the first ten years, with the remaining five years to be served on post-release supervision.
¶ 4. Hardin filed his PCR on December 5, 2005. Ten days later, the court denied the motion.

STANDARD OF REVIEW
¶ 5. This Court will not disturb the trial court's findings on post-conviction relief unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, where questions of law are raised, our review is de novo. Id.

LAW AND ANALYSIS
I. WHETHER HARDIN'S PLEA WAS INTELLIGENTLY AND VOLUNTARILY MADE.
¶ 6. A criminal defendant's plea of guilt is binding when it is made voluntarily and knowingly. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). When a defendant has been informed of the nature of the charges against him and the consequences of entering a guilty plea, the plea is considered voluntary. Id. The trial court must inform the defendant of the minimum and maximum prescribed penalties and the constitutional rights forfeited by entering a guilty plea. Id. The defendant must also be told that his guilty plea waives several constitutional rights including the right to trial by jury, the right to confront adverse witnesses and the right to protection against self-incrimination. Id. The burden of proof is on the petitioner to prove that his plea was not voluntarily, knowingly and intelligently given. Gardner v. State, 531 So.2d 805, 810 (Miss. 1988).
¶ 7. Hardin argues that he was entitled to a speedy trial and that the court failed to inform him that his guilty plea would waive that right. Hardin is correct that a *847 defendant is constitutionally guaranteed the right to a speedy trial. However, when a defendant pleads guilty, he waives the right to a trial. Jones v. State, 747 So.2d 249, 251(¶ 8) (Miss.1999). The record reflects that, at the plea hearing, the court informed Hardin that his guilty plea would waive his right to a trial and that Hardin stated that he understood the waiver.
¶ 8. Hardin also claims that he was not advised of the consequences of entering a guilty plea. The record contradicts this claim and shows that the lower court properly informed Hardin of the nature of the charges against him as well as the consequences of entering the plea. The court advised Hardin of the maximum and minimum penalties that each charge against him carried, and Hardin stated that he understood those penalties. Hardin also stated that he understood the judge was not bound by any plea bargain arrangements made with the State. When asked if he was making the plea of his own free will, Hardin responded in the affirmative. When asked if he had been threatened or promised anything in exchange for his plea, Hardin answered in the negative.
¶ 9. Because the record clearly shows that Hardin entered a voluntary and knowing guilty plea, we find his argument to be without merit.
II. WHETHER HARDIN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 10. Hardin next argues that his attorney did not advise him of the right to a speedy trial and failed to raise a speedy trial violation. In Hardin's PCR, he alleged various grounds for ineffective assistance of counsel. However, he did not include the allegation that his counsel failed to advise him of or pursue motions for a speedy trial. Hardin is procedurally barred from raising this issue for the first time on appeal. Frierson v. State, 812 So.2d 1090, 1092(¶ 18) (Miss.Ct.App.2001).
¶ 11. Notwithstanding the procedural bar, Hardin's argument still fails. As stated above, a guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin. Rowe v. State, 735 So.2d 399, 400(¶ 3) (Miss.1999). Hardin pled guilty to the offense and thereby waived his right to a speedy trial. However, this Court may entertain a speedy trial claim in the context of ineffective assistance of counsel. Thomas v. State, 933 So.2d 995, 997(¶ 4) (Miss.Ct.App.2005). The standard to be applied to an ineffective assistance of counsel claim was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and is followed by this Court. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, the defendant bears the burden of proof that (1) counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Id. We look at the totality of the circumstances in determining whether counsel was effective. Id. There is a strong but rebuttable presumption that counsel's performance fell within the wide range of reasonable professional assistance. Id. This test applies with equal validity to challenges to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
¶ 12. We are reminded that "merely raising the claim of ineffective assistance of counsel is insufficient to surmount the procedural bar." Thomas, 933 So.2d at 997(¶ 5). Thus, in order for Hardin to succeed on his claim of ineffective assistance of counsel, he must prove that, but for his counsel's deficiency, the speedy trial claim would have succeeded. Id. at *848 (¶ 7). When reviewing whether a speedy trial violation occurred, the following factors are considered: (1) the length of the delay, (2) the reason(s) for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the defendant was prejudiced by the delay. Id. The constitutional right to a speedy trial attaches at the time of arrest. Id. at (¶ 8). A delay of eight months or more has been held to be presumptively prejudicial. Brunson v. State, 944 So.2d 922, 926(¶ 12) (Miss.Ct.App.2006). If the delay is not presumptively prejudicial, then no further inquiry is required. Id.
¶ 13. Hardin was arrested on January 19, 2003. He pled guilty on June 13, 2003. Because only five months elapsed between Hardin's indictment and the entry of his guilty plea, the length of the delay was not presumptively prejudicial. Therefore, no further analysis of the speedy trial claim is warranted. Because Hardin cannot prove that a speedy trial violation occurred, his claim of ineffective assistance of counsel also fails. Accordingly, we affirm the lower court's judgment.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.