BARNES, J.,
 

 for the Court.
 

 ¶ 1. Jessie Montrell Oliver pleaded guilty in the Circuit Court of DeSoto County to three counts of armed robbery and was sentenced to ten years on each count, to be served in the custody of the Mississippi Department of Corrections (MDOC), with the sentences to run consecutively, followed by ten years of post-release supervision (five years reporting and five years non-reporting). Oliver, proceeding pro se, filed a motion for post-conviction relief, which the circuit court summarily denied. Oliver now appeals. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Although the record provides very little detail as to the underlying crimes in this case, we can discern that Oliver and his accomplices committed armed robberies of various Hispanic males in DeSoto County over a period of several days in July 2005. Oliver was indicted in April 2006 for conspiracy to commit armed robbery, three counts of armed robbery, and one count of aggravated assault. On October 20, 2006, Oliver pleaded guilty to the three counts of armed robbery and was sentenced to ten years to serve in the custody of the MDOC in Count II, ten years to serve in the custody of the MDOC in Count III, which was ordered to run consecutively to the sentence for Count II, and ten years to serve in the custody of the MDOC in Count IV to be followed by ten years of post-release supervision (five years reporting and five years non-reporting) with this sentence to run consecutively to Count II and Count III. Counts I and V were remanded to the file.
 

 ¶ 3. On September 26, 2007, Oliver filed a motion for post-conviction relief to vacate and set aside his convictions and sentences, asserting several errors. The circuit court denied Oliver’s motion for post-conviction relief on October 31, 2007, stating no evidentiary hearing was warranted. Oliver filed his notice of appeal on November 12, 2007.
 

 STANDARD OF REVIEW
 

 ¶ 4. We will not disturb a circuit court’s denial of a motion for post-conviction relief unless the decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). “A [circuit] court may dismiss a motion for post-conviction relief ‘if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ”
 
 Dyson v. State,
 
 996 So.2d 172, 173(¶ 3) (Miss.Ct.App.2008) (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2007)). “However, where questions of law are raised the applicable standard of review is de novo.”
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004) (citation omitted).
 

 I. Whether Oliver was denied due process and subjected to an illegal sentence as a first-time offender.
 

 ¶ 5. Oliver contends that, as a first-time offender, he received an unduly harsh sentence. “Sentencing is within the discretion of the trial court and will not be disturbed on appeal absent a finding of
 
 *20
 
 abuse of discretion.”
 
 Brown v. State,
 
 989 So.2d 882, 886(¶ 20) (Miss.Ct.App.2007) (citing
 
 Kirksey v. State,
 
 728 So.2d 565, 568(1114) (Miss.1999)). “This Court will not disturb a sentence that is imposed as long as the sentence is within the terms set forth in the statute.”
 
 Lee v. State,
 
 918 So.2d 87, 88(¶ 4) (Miss.Ct.App.2006). The mere fact that “a defendant is convicted of a felony for the first time does not preclude a maximum sentence.”
 
 Johnson v. State,
 
 908 So.2d 900, 902(¶ 6) (Miss.Ct.App. 2005) (citing
 
 Nichols v. State,
 
 826 So.2d 1288, 1292(¶ 16) (Miss.2002)). Thus, the sentence that Oliver received, which was not the maximum sentence available, was not illegal, even if he had been a first-time offender. However, upon review, we find Oliver’s claim of being a first-time offender completely devoid of merit as he admitted to previous convictions of possession of stolen property and burglary of a vehicle in his petition to enter his pleas of guilty.
 

 II. Whether Oliver’s sentences were excessive, disproportionate, and resulted in a violation of the Fifth and Fourteenth Amendments to the United States Constitution.
 

 ¶ 6. Oliver claims that the sentences imposed by the circuit court were excessive and disproportionate to the offenses as they exceeded Oliver’s life expectancy. Oliver calculates that, at the time of his birth, his life expectancy was sixty-four years. He was twenty-seven years old at sentencing; therefore, he claims that forty years is, in effect, a life sentence and that the circuit court judge should have conducted a “sentencing proportionality analysis” prior to imposing Oliver’s sentence.
 

 ¶ 7. As already stated, “[a]s a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal.”
 
 Towner v. State,
 
 837 So.2d 221, 227(¶ 20) (Miss.Ct. App.2003) (citing
 
 Wallace v. State,
 
 607 So.2d 1184, 1188 (Miss.1992)). “A sentence is subject to review, however, where it is alleged that the penalty imposed is disproportionate to the crime charged.”
 
 Williams v. State,
 
 784 So.2d 230, 236(¶ 13) (Miss.Ct.App.2000). In
 
 Solem v. Helm,
 
 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the United States Supreme Court developed a three-prong analysis to identify whether a sentence was disproportionate by reviewing: (1) the gravity of the crime and harshness of the penalties, (2) other criminals’ sentences in the same jurisdiction for the same crimes, and (3) sentences other jurisdictions impose for commission of the same crime. In
 
 Hoops v. State,
 
 681 So.2d 521, 538 (Miss.1996), the Mississippi Supreme Court further clarified that the
 
 Solem
 
 three-prong analysis only applies “when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross disproportionality.’ ” (Citation omitted).
 

 ¶ 8. The Mississippi Supreme Court has stated that:
 

 In cases where the judge has in effect sentenced the defendant to a term of years that is basically a life sentence, the rule that governs in Mississippi is the one set out in the case
 
 Stewart v. State,
 
 372 So.2d 257, 259 (Miss.1979). The rule as set out by the
 
 Stewart
 
 case states, “... the trial court will make a record of and consider all relevant facts necessary to fix a sentence for a definite term of years reasonably expected to be less than life. The court should consider the age and life expectancy of the defendant and any other pertinent facts which would aid in fixing a proper sentence.”
 
 Stewart,
 
 372 So.2d at 259.
 

 Lindsay v. State,
 
 720 So.2d 182, 185(¶11) (Miss.1998). “[A] trial court has to consid
 
 *21
 
 er a defendant’s life expectancy when determining the length of a sentence in armed robbery convictions.”
 
 Cannon v. State,
 
 919 So.2d 913, 917(¶ 11) (Miss.2005). However, “[a] sentence is not an illegal life sentence if it is reasonably calculated to be less than life.”
 
 Roland v. State,
 
 939 So.2d 810, 812(¶ 7) (Miss.Ct.App.2006).
 

 ¶ 9. Oliver recognizes that he pleaded guilty to
 
 three
 
 counts of armed robbery, which the circuit court informed him at the plea hearing could carry a sentence of less than life on
 
 each
 
 count.
 
 See Gaskin v. State,
 
 618 So.2d 103, 108 (Miss.1993) (without a jury recommendation, the maximum penalty for armed robbery is “a definite term [of years] ... less than life”). Therefore, “[e]ach sentence imposed for conviction of multiple offenses is to be imposed without respect to each other, even where the several offenses grew out of a single unbroken chain of events.”
 
 McCline v. State,
 
 856 So.2d 556, 560(¶ 19) (Miss.Ct.App.2003) (citing
 
 Erwin v. State,
 
 557 So.2d 799, 803 (Miss.1990)). “This remains true even though the aggregation of the sentences exceeds the defendant’s actuarial life expectancy.”
 
 Id.
 

 ¶ 10. However, Oliver counters by claiming that the armed robbery was really just one crime, broken into multiple crimes in order to lengthen the sentence. He also argues that his co-defendant, Arri-ca Jefferson, only received five years, which indicates that his sentence was disproportionate. We reject both of these arguments. Oliver knowingly and voluntarily pleaded guilty to all three counts of armed robbery and was fully informed of the maximum and minimum sentence for
 
 each
 
 count. As to the issue of Jefferson’s sentence, we find that her sentence has no bearing on Oliver’s sentences. The plea colloquy shows that Jefferson pleaded guilty to conspiracy, not armed robbery. In order to make a finding of disproportionate sentencing under
 
 Solem,
 
 the sentences for the
 
 same crimes
 
 must be comparable.
 
 Solem,
 
 463 U.S. at 292, 103 S.Ct. 3001.
 

 ¶ 11. Regardless, Oliver was only sentenced to a total of thirty years’ imprisonment. The remaining ten years were under post-release supervision. This would mean that Oliver, who was twenty-seven when he was sentenced, would be fifty-seven years old when he is released, which is less than Oliver’s alleged life expectancy of sixty-four years old. We find no error in the sentences imposed by the circuit court as they were not excessive or disproportionate.
 

 III. Whether the circuit court erred in failing to advise Oliver of his right to a direct appeal to the Mississippi Supreme Court of the imposed sentence.
 

 1112. Oliver states that the circuit court erred in failing to advise him that he could appeal his sentences directly to the Mississippi Supreme Court. “[W]hile [Mississippi Code Annotated] section 99-35-101 (Rev.2007) prevents a defendant from appealing his guilty plea itself, a defendant may pursue a direct appeal asserting the illegality of the sentence imposed pursuant to his guilty plea.”
 
 Flowers v. State,
 
 978 So.2d 1281, 1285(¶ 11) (Miss.Ct. App.2008).
 
 [1]
 
 Oliver cites
 
 Trotter v. State,
 
 554 So.2d 313 (Miss.1989) for the proposition that a circuit court judge must inform a defendant who pleads guilty that he has
 
 *22
 
 the right to appeal his sentence. Nevertheless, although
 
 Trotter
 
 allows a criminal defendant who pleads guilty to “challenge the sentence that results from the guilty plea on direct appeal[,].... [it] does not stand for the proposition that a trial judge must inform a criminal defendant about his right to directly appeal the sentence resulting from the guilty plea.”
 
 Coleman v. State,
 
 979 So.2d 731, 733(¶ 4) (Miss.Ct.App.2008). Accordingly, we find no error in the circuit court’s failure to advise Oliver that he had the right to appeal his sentence.
 

 IY. Whether Oliver received ineffective assistance of counsel.
 

 ¶ 13. Oliver claims that he received ineffective assistance of counsel due to (1) counsel’s failure to advise him of his right to a speedy trial, and (2) counsel’s failure to summon witnesses and conduct an adequate pretrial investigation.
 

 ¶ 14. For Oliver to establish ineffective assistance of counsel, he “must demonstrate that his attorney’s performance was deficient and that this deficiency deprived him of a fair trial.”
 
 Beene v. State,
 
 910 So.2d 1152, 1155(¶ 10) (Miss.Ct.App.2005) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “[T]here is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance [and].... [t]o overcome this presumption, ‘the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.’ ”
 
 Madden v. State,
 
 991 So.2d 1231, 1236-37(¶23) (Miss.Ct.App.2008) (citing Strickland, 466 U.S. at 689, 694, 104 S.Ct. 2052).
 

 A. Right to Speedy Trial
 

 ¶ 15. Oliver contends that his defense counsel failed to advise him of his right to a speedy trial prior to the entry of his guilty pleas and that his constitutional rights were violated as there was a delay of more than 270 days between his date of arrest and the trial date. “[A] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial including the right to a speedy trial, whether of constitutional or statutory origin.”
 
 Madden,
 
 991 So.2d at 1237(¶ 25) (quoting
 
 Anderson v. State,
 
 577 So.2d 390, 391-92 (Miss.1991)). “However, this Court may entertain a speedy trial claim in the context of ineffective assistance of counsel.”
 
 Hardin v. State,
 
 966 So.2d 844, 847(¶ 11) (Miss.Ct.App.2007) (citing
 
 Thomas v. State,
 
 933 So.2d 995, 997(¶4) (Miss. Ct.App.2006)). In order for Oliver to prevail on his claim for ineffective assistance of counsel, he must demonstrate that, but for counsel’s errors, his speedy trial claim would have succeeded.
 
 Id.
 
 at (¶ 7).
 

 ¶ 16. “The constitutional right to a speedy trial attaches at the time a person is accused, whether at arrest, indictment, or information.”
 
 Robinson v. State,
 
 920 So.2d 1015, 1018(¶ 6) (Miss.Ct. App.2005) (citing
 
 Smith v. State,
 
 550 So.2d 406, 408 (Miss.1989)). The statutory right to a speedy trial, however, attaches from the date of arraignment.
 
 [2]
 
 The record reflects that Oliver was taken into custody on August 24, 2005. However, Oliver was not served with a copy of his indictment until April 20, 2006. Oliver also waived his arraignment that same day in the pretrial scheduling order. “If a defendant waives arraignment, that date is considered day
 
 *23
 
 one on the speedy trial calendar.”
 
 Mayo v. State,
 
 886 So.2d 734, 738(11 17) (Miss.Ct. App.2004) (citation omitted). A trial date was originally set for June 26, 2006, but Oliver’s defense counsel filed two motions for continuance, which moved the trial date to November 13, 2006. As there was only a six-month delay between the arraignment and the guilty pleas, mainly due to continuances filed on behalf of Oliver, we find no violation of Oliver’s statutory right to a speedy trial.
 

 1117. However, in order to assess Oliver’s constitutional right to speedy trial claim, this Court must employ the balancing test in
 
 Barker v. Wingo,
 
 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which “requires consideration of the following factors: (1) length of the delay, (2) reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the defendant was prejudiced by the delay.”
 
 Thomas,
 
 933 So.2d at 997(¶ 7).
 

 i. Length of the Delay
 

 ¶ 18. In considering the first factor, any delay that is more than eight months is presumptively prejudicial and requires the Court to consider the remaining three factors.
 
 Id.
 
 at (¶ 8). Oliver was arrested on or about August 24, 2005. The circuit court judge noted that Oliver had served 432 days prior to his guilty plea hearing, clearly over eight months, requiring the Court to address the other factors.
 

 ii. Reason for the Delay
 

 ¶ 19. As already noted, Oliver requested two continuances after his arraignment and indictment, creating a delay of only 127 days from the original trial date of June 26, 2006. Continuances aside, there is still a delay of over 300 days, more than eight months, from Oliver’s arrest date. Therefore, this factor would weigh in Oliver’s favor.
 

 iii. Whether the Defendant Asserted His Right to a Speedy Trial
 

 ¶ 20. “While the State bears the responsibility to timely bring the accused to trial, the defendant has some responsibility to assert the speedy trial right.”
 
 Robinson,
 
 920 So.2d at 1018-19(¶ 9) (citing
 
 Wiley v. State,
 
 582 So.2d 1008, 1012 (Miss. 1991)). We find no evidence to show that Oliver asserted such right. However, as he might claim ineffective assistance of counsel based on his attorney’s failure to assert the right, we will, for the sake of argument, weigh this factor as neutral.
 

 iv. Whether the Defendant was Prejudiced by the Delay
 

 ¶ 21. “[T]hree primary considerations in evaluating whether the defendant has been prejudiced by the delay are: (1) the prevention of oppressive pre-trial incarceration; (2) the minimization of anxiety and concern of the accused; and (3) limiting the possibility the defense will be impaired.”
 
 Id.
 
 at 1019(¶ 10) (citation omitted). Oliver has not provided this Court with any evidence, other than his pretrial incarceration, which would show how any delay constituted prejudice. We have found that “pre-trial incarceration, without more, is not considered prejudicial.”
 
 Id.
 
 at (¶ 11). Consequently, we find that Oliver has not established prejudice attributable to the delay in his prosecution.
 

 ¶ 22. We conclude that there is no ineffective assistance of counsel as Oliver has failed to show this Court how any filing of a motion for a speedy trial would have succeeded. This issue is without merit.
 

 B. Failure to Summon Witnesses and Perform Pretrial Investigation
 

 ¶23. Oliver also asserts that counsel rendered ineffective assistance of
 
 *24
 
 counsel in her failure to call witnesses or perform any pretrial investigation. A defendant is obligated to provide “more than conclusory allegations on a claim of ineffective assistance of counsel.”
 
 Carpenter v. State,
 
 899 So.2d 916, 921(¶23) (Miss.Ct. App.2005) (citing
 
 Wilcher v. State,
 
 863 So.2d 776, 824 (¶ 169) (Miss.2003)). In order for an attorney’s “failure to investigate to rise to the level of ineffective assistance of counsel, the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome.”
 
 Johnson v. State,
 
 987 So.2d 501, 504(¶ 15) (Miss.Ct.App.2008) (citation omitted). While we recognize that defense counsel has a “duty to interview potential witnesses and make an independent investigation of the facts and circumstances of [a] case[,] ... a failure to do such will not alone give rise to ineffective assistance of counsel.”
 
 Reed v. State,
 
 918 So.2d 776, 778(¶ 5) (Miss.Ct.App.2005) (citing
 
 Brown v. State,
 
 798 So.2d 481, 496(¶ 21) (Miss.2001)). Rather the failure to investigate must satisfy the second prong of the
 
 Strickland
 
 test and affect whether Oliver would have entered his guilty pleas.
 
 Id.
 

 ¶ 24. Oliver has failed to provide this Court with any specific information to this effect. In addition, in Oliver’s signed petition to enter a guilty plea, he stated: “I believe that my lawyer is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help he has given me.” Therefore, we find no merit to this issue.
 

 ¶ 25. Oliver also claims that as his attorney represented other co-defendants, it was a conflict of interest. In order to prove a conflict of interest, the defendant must demonstrate “that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer’s performance.”
 
 Moore v. State,
 
 985 So.2d 365, 369(¶ 13) (Miss.Ct.App.2008). Again, Oliver has made no such showing.
 

 ¶ 26. Accordingly, we find that counsel’s performance was not deficient, and this issue is without merit.
 

 V. Whether the circuit court erred in failing to allow the record to contain a transcript of the guilty plea colloquy.
 

 ¶ 27. Oliver claims that the circuit court failed to include designated records, specifically the guilty plea colloquy, in the appeal to this Court. As the record before us contains the transcript from the plea colloquy, we find that this assignment of error is without merit.
 

 ¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . Section 99-35-101 of the Mississippi Code Annotated was amended, effective July 1, 2008, to provide that “where [a] defendant enters a plea of guilty and
 
 is sentenced,
 
 then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2008) (emphasis added). However, this change was not in effect at the time of Oliver's entry of his guilty pleas, and as such, it is not applicable here.
 

 [2]
 

 . Mississippi Code Annotated section 99-17-1 (Rev.2007) states that: "Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned,”